(No. 22544.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAM SAVAGE, Plaintiff in Error.

*Opinion filed December 18, 1934.*

CHARLES A. BELLOWS, for plaintiff in error.

OTTO KERNER, Attorney General, WILLIAM R. McCABE, State's Attorney, and J. J. NEIGER, for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Sam Savage (hereinafter called the defendant) sued out this writ of error to review a judgment of conviction of robbery rendered against him in the circuit court of Will county. He was tried before a jury and the verdict found him guilty as charged in the first of the three counts of the indictment. Carl Lamagno and Angelo Spaletto were indicted with the defendant. They pleaded guilty and were called as the court's witnesses.

On December 20, 1933, Albert Baskin conducted a clothing store in Joliet. About 9:45 o'clock that evening the defendant, Sam Savage, entered the store and asked to be shown an overcoat. While Savage was being waited on, two other men came into the store and asked to be shown overcoats. A clerk was called to wait on them, and one of the two men, Angelo Spaletto, drew a gun and ordered the proprietor and the employees into a small room at the rear of the store. Spaletto's companion, Carl Lamagno, attempted to open the cash register. He failed, and Spaletto directed a clerk named Frank Cohan to open

it. After Cohan obeyed, Lamagno started to remove the money. Cohan seized him from behind and dragged him into the rear room of the store. While these two men were scuffling Spaletto and Savage ran out of the store. It does not appear that any money was actually taken. Savage failed to leave the overcoat he was trying on and picked up his own overcoat when he left. Lamagno was arrested at the store by the police. Savage and Spaletto were arrested at their homes in Detroit, Michigan. Lamagno had been visiting Savage at Detroit.

Savage stated that Spaletto was out of work and came along with the other two in Savage's car out of a desire to see Chicago. On their return to Detroit Lamagno was to drive a truck belonging to Savage. On the 20th of December the three men left Chicago for Streator. Savage testified that when they reached Joliet he went into Baskin's store to buy an overcoat. He also said he threw away the overcoat belonging to Baskin and did not return it to the store because of fear. He denied that he had any knowledge that Spaletto and Lamagno intended to commit a robbery. There is nothing in the testimony which shows that he aided the two men in their efforts to rifle the cash register. He had no gun, made no threats, and did nothing more than to enter the store as the first of the three and to run out wearing an overcoat that did not belong to him, at the time Spaletto left the store. So far as it is shown, Savage said nothing whatever after Spaletto and Lamagno entered the store.

The defendant seeks a reversal of the judgment, and contends, first, that the evidence was insufficient to support a verdict of guilty; second, that the court permitted improper cross-examination of the court's witness, Angelo Spaletto, by the State's attorney; third, that alleged oral admissions of the defendant were received in evidence without a full hearing of all witnesses who were present when these admissions were made and without a proper founda-

tion first being laid; fourth, that the State's attorney made prejudicial remarks; fifth, that the court erred in failing to give certain instructions asked by the defendant; and sixth, that the court did not comply with section 67 of the Civil Practice act in instructing the jury, as provided by rule 27 of this court.

Angelo Spaletto was called as a witness by the court. The State's attorney began the questioning of this witness. Apparently his answers differed materially from the statements he had made earlier. Over objection of the defendant the court permitted the prosecutor to interrogate Spaletto as to questions asked of and answers given by him at the police station in Joliet on January 5, 1934. The People contend that these questions and answers are shown to have been asked and answered in the presence of Savage and that he made no denial of Spaletto's statements at the time they were made. Savage denied that he ever talked with anyone about robbing a store. The questions and answers objected to do not show what Savage did or did not say while these questions were being asked of Spaletto. Spaletto denied being asked some of the questions and denied giving some of the answers. He said his statements were made as a result of fear. It appears that Lamagno told him the police officers in the Brighton Park police station in Chicago had beaten Lamagno with a club and a rubber hose. No one was called to show that in fact Spaletto was asked these questions and that he gave the answers stated. It was not stated that the questions were asked solely for the purpose of impeachment. The questions objected to were prejudicial to Savage, because the statements amounted to a confession by Spaletto and involved Savage in the robbery.

The defendant's next contention is that before an oral admission against interest can be received in evidence all the witnesses present must be called and a foundation must be laid similar to the steps taken where the competency of

a confession is to be determined. The defendant's counsel says that he makes this contention in spite of the holding of this court in *People* v. *Kircher,* 309 Ill. 500, at page 507. The admissions referred to are covered by the testimony of Michael Cassidy, a police officer. The defendant denied making these admissions and denied that he had discussed with his two companions the proposal that the three commit a robbery. Admissions against interest are a mere acknowledgment of facts and they may be made without any intention to confess guilt. Such admissions were held not to amount to a confession in the cases reviewed in *People* v. *Kircher,* 309 Ill. 500. There is no basis for the contention that the rules for determining the competency of confessions must be followed with reference to admissions against interest.

Complaint is made because the State's attorney asked counsel for the defendant why he did not ask the defendant whether he had ever been convicted on a Federal charge, when the defendant was asked whether he had ever been convicted upon any State charge. It is also pointed out that in his argument the prosecutor charged the defendant's counsel with an attempt to free his client by trickery. These remarks were improper. The law requires that a fair trial shall be given one accused of crime, and such remarks cannot be permitted if the rule is to be observed. This is true regardless of his guilt or innocence.

It is not necessary to discuss the errors complained of with reference to the giving and refusal of instructions. The case must be remanded for a new trial and these questions may not arise upon a second trial of the case.

For the errors indicated, the judgment of the circuit court of Will county is reversed and the cause is remanded.

*Reversed and remanded.*