(No. 51454.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JAMES EDDINGTON, Appellant.

*Opinion filed September 19, 1979.*

Richard J. Wilson, Deputy Defender, and David Bergschneider, Assistant Defender, of Springfield, for appellant.

William J. Scott, Attorney General, and C. Joseph Cavanaugh, State's Attorney, both of Springfield (Donald B. Mackay, Melbourne A. Noel, Jr., and Anita Donath, of Chicago, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

Following a jury trial in Sangamon County, the defendant, James Eddington, was convicted of the crime of solicitation to commit murder. The trial court sentenced Eddington to 20 to 40 years' imprisonment. The appellate court affirmed this conviction and issued a certificate of importance. 64 Ill. App. 3d 650.

The certificate of importance related to the question of a conflict of interest of defense trial counsel who had as a partner a special assistant Attorney General. Other questions raised on this appeal are whether the trial court abused its discretion in restricting cross-examination of the State's principal witness regarding pending charges against him and whether the trial court's misstatement of the minimum sentence for the crime of solicitation to commit murder constituted harmless error under the circumstances

present in this case.

Throughout the trial proceedings Eddington was represented by a lawyer who maintained a partnership with another lawyer. This second lawyer served as a special assistant Attorney General for condemnation cases. Trial counsel informed neither Eddington nor the judge of this partnership or of the possible conflict of interest caused by it. Defendant does not contend that he was prejudiced by this conflict but contends the right to adequate representation by counsel is so fundamental that he must be granted a new trial because of the mere existence of the conflict of interest.

The holding of this court in *People v. Lykins* (1979), 77 Ill. 2d 35, is dispositive of the conflict-of-interest issue. Here, as in *Lykins,* the issue was not raised in the trial court or in the appellate court. It must be considered that the defendant has waived his right to raise the issue in this court. Also, here, as in *Lykins,* the conflict-of-interest rule adopted in *People v. Fife* (1979), 76 Ill. 2d 418, cannot be applied because in *Fife* we held that the rule announced in that case would only be prospectively applied to cases involving prosecution for offenses occurring subsequent to the filing of that opinion.

At the trial of this case, the State's principal witness, Gregory Fife, testified that Eddington offered him $1,000 if he would kill an Illinois Bureau of Investigation agent. The agent was to testify against Eddington in a separate drug case. Fife, an IBI informant, passively cooperated with Eddington in planning the murder and electrically recorded incriminating evidence against the defendant on a hidden tape recorder.

At Eddington's trial the prosecutor filed a motion *in limine* to bar cross-examination of Fife regarding unrelated drug charges pending against Fife in another county. Out of the jury's presence, the trial judge explored the issue by questioning both Fife and the prosecutor. The judge

concluded that no leniency had been offered to Fife for his testimony and that none was expected by him.

The testimony the witness, Fife, was to give at trial related to matters that had occurred in April and May of 1975. The witness had given a statement concerning these matters, which statement had been transcribed and a copy furnished to defendant's counsel. At the hearing on the motion *in limine* the defendant's counsel had been given wide latitude in examining the witness with regard to his various transgressions of the law, one of which had resulted in a sentence of probation for two years on December 7, 1976. One of the conditions of probation was that the witness refrain from using cannabis. On August 24, 1977, the witness was arrested and charged with possession and delivery of cannabis in Menard County and was incarcerated in the county jail. He was still in jail on that charge, which was undisposed of, at the time of the trial in the defendant's case in September 1977. The court, in ruling on the State's motion *in limine* not to permit the witness to be cross-examined about the 1977 drug charge, in addition to concluding that no leniency had been offered and none was expected, considered the history of the defendant's case and how this recent charge against the witness could affect his testimony. The court stated that the events about which the witness would testify occurred in 1975. Considering all the facts and circumstances, the fact that a statement of the witness had been previously taken, that the witness had previously testified at another hearing in the case, and that the cannabis charge was in a different court and had been filed only recently, the court was of the opinion that it was not reasonable to believe that the testimony of the witness would be influenced by any interest or bias in connection with the cannabis charge.

In *People v. Mason* (1963), 28 Ill. 2d 396, 400-01, this court stated:

"[S]howing interest or bias on the part of a
witness is also an accepted method of impeach-
ment, and even in jurisdictions where evidence of
arrest or indictment is not ordinarily admissible
to impeach credibility generally, the fact that a
witness has been arrested or charged with a crime
may be shown or inquired into where it would
reasonably tend to show that his testimony might
be influenced by interest, bias or a motive to
testify falsely."

This rule has been consistently followed by this court. See
*People v. Barr* (1972), 51 Ill. 2d 50; *People v. Norwood*
(1973), 54 Ill. 2d 253; *People v. Galloway* (1974), 59 Ill.
2d 158.

The appellate court in this case, relying on *People v.
Martin* (2d Dist. 1978), 59 Ill. App. 3d 785, noted that at
the hearing *in limine* there was no showing of any
expectation of leniency regarding Fife's drug charges in
Menard County and also that the prosecutor had testified
that no attempt would be made to obtain leniency for
Fife. Therefore, it was not an abuse of discretion to bar
the cross-examination of Fife concerning the pending drug
charges.

We do not believe that these matters should be
resolved solely *in limine.* In situations involving assessment
of credibility, the jury should have a right to consider the
pending charges, and, of course, the prosecution should
have the right to show that no leniency was offered and
that none was expected. The jury would then be able to
consider any subliminal influences that could be exerted
by the particular situation. In this case, however, following
a lengthy hearing *in limine,* the trial court was satisfied
that the testimony of the witness, which had been
recorded prior to the cannabis charge that was then
pending against the witness, could not have been affected
by any bias or interest arising out of this later charge. In

this case we think that the trial court did not abuse its discretion in allowing the State's motion *in limine* to restrict the cross-examination of the witness, Fife.

Although the court had granted the motion to restrict the cross-examination of this witness, it, nevertheless, permitted defense counsel to extensively cross-examine Fife at the trial. The cross-examination showed that Fife had informed the IBI agent that he had taken a drug commonly known as "speed" and that no charges had been placed against him. Also, it was brought out that the witness was in jail at the time of the trial on a cannabis charge. This is the charge about which the court ruled the defendant could not cross-examine this witness. The defendant now contends that the response of the witness on cross-examination related to earlier drug charges. There is no substance to this contention. The witness plainly stated that at the time of the trial he was incarcerated on a cannabis charge and had been since his arrest on the "24th." The date referred to in his testimony was the date of his arrest on August 24, 1977, as shown by the evidence at the *in limine* hearing. The jury was made aware of the fact that at the time the witness testified a criminal charge concerning cannabis was pending against him.

After the defendant was found guilty, the court considered matters in aggravation and mitigation and sentenced the defendant to a term of from 20 to 40 years. When he did so, however, the judge incorrectly stated that the statute provided a minimum 4-year sentence for solicitation to commit murder. In fact, the statute set no minimum term. (Ill. Rev. Stat. 1977, ch. 38, par. 8—1(b).) The judge made this misstatement in the following context:

> "[T]his isn't the minimal kind of situation, that there are aggravating factors which are present in connection with this offense that call for a higher sentence than the minimum of four years prescribed by the statute.

> The court further considers that those aggravating factors, those which have just been mentioned, coupled with the history and character of the defendant as exhibited through the pre-sentence investigation report and his prior convictions are such that it requires more—considerably more than the statutory minimum in connection in this case, and in view of the aggravating factors, the nature and circumstances of the offense, the history and character of the offense—the offender, the court is of the opinion that an appropriate sentence in this case is \*\*\* a period of twenty to forty years."

A misstatement of the understanding of the minimum sentence by the trial judge necessitates a new sentencing hearing only when it appears that the mistaken belief of the judge arguably influenced the sentencing decision. In *People v. Moore* (1978), 69 Ill. 2d 520, for example, this court affirmed the appellate court's remand for a new sentencing hearing when the trial judge imposed a 4-year minimum sentence term on a defendant, thinking that the law required a 4-year minimum term. Nothing like that occurred here. The judge here expressly stated that "this isn't the minimal kind of situation." The appellate court correctly noted in this case: "However, since the court actually imposed a minimum sentence of 20 years, and since there is no evidence that the trial judge used a 4-year minimum term as a reference point, we regard the court's error as harmless." (64 Ill. App. 3d 650, 655.) Although the trial court did refer, in his evaluation of the case for sentencing purposes, to his mistaken belief as to the minimum sentence required, there is no indication here that the 4-year minimum term was used by the trial judge as a reference point in fixing the minimum term of 20 years. Aggravating circumstances were numerous, and we hold, as did the appellate court, that the error was harmless. The judgment of the appellate court is affirmed.

*Judgment affirmed.*