THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY BROWN, Defendant-Appellant.

First District (4th Division)   No. 81—1591

Opinion filed March 31, 1983.

James J. Doherty, Public Defender, of Chicago (Philip E. Mullane, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Marie Quinlivan, and Daniel E. Jordan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JIGANTI delivered the opinion of the court:

Following a jury trial, the defendant, Larry Brown, was found guilty of the murder of Charles Harris and was subsequently sentenced to serve 30 years' imprisonment. The defendant was found not guilty of armed robbery and attempted armed robbery. On appeal, the defendant argues that statements made by the prosecutor during the State's rebuttal closing argument deprived the defendant of a fair trial and that the trial court improperly allowed certain State witnesses to testify regarding inadmissible hearsay. The defendant further contends that the cumulative effect of these trial errors prejudiced him to such an extent that they contributed to his conviction and were not harmless beyond a reasonable doubt. For these reasons, the defendant asks this court to reverse his conviction or, in the alternative, remand his case for a new trial.

On July 14, 1979, Kirby Hoskins and Roy Richardson entered an alley with the defendant following a brief conversation during which the defendant asked the other two men if they wanted to earn some money. Richardson testified that upon entering the alley, the defendant pulled out a gun, fired a shot into the air and announced a robbery. He further testified that once it appeared that the two men had

little or no money, the defendant threatened to kill them both. Meanwhile, the victim approached Leonara Harrison, Pearline Posey and Dianne Clark, who were standing on a street corner near the alley, and asked Harrison where he could find Richardson. The victim then entered the alley and encountered the defendant, Hoskins and Richardson. Richardson testified that following a brief verbal altercation between the victim and the defendant, the defendant fatally shot the victim four times. The jury found the defendant guilty of the victim's murder, but acquitted the defendant on the armed robbery and attempted armed robbery charges which stemmed from the alleged robbery of Hoskins and Richardson. Leonara Harrison and Roy Richardson testified as State witnesses. Richardson was the only eyewitness to testify regarding the alleged robbery and the alleged murder. Hoskins, Posey, Clark and the defendant did not testify at trial.

The defendant first argues that allegedly improper comments were made by the prosecutor during the State's rebuttal closing argument. As the result of these comments, the defendant contends that he was denied the fair and impartial trial to which he was constitutionally entitled. We agree. We find the prosecutor's comments to have been so reprehensible as to constitute a shameful affront to the court system of this State and consequently are compelled to remand this cause for a new trial.

In essence, the prosecutorial comments cited to us by the defendant can be divided into two categories. The first group of comments is made up of statements that were objected to by defense counsel at trial and the objections were consequently sustained by the trial court:

> "Ladies and gentlemen, if you ever wondered why criminals get away with things in today's society, why there is a problem with crime on the street, why people are afraid to come forward—
>
> DEFENSE COUNSEL: Objection.
>
> THE COURT: I will permit counsel—
>
> PROSECUTOR:—(Continuing) to the police, you have just witnessed one of the reasons, one of the reasons why criminals run these streets and why they run those projects to the dismay of those poor people that have to live there. For you have just witnessed someone get up and had the unmitigated gall to criticize someone who has testified in this trial, who has taken that stand and behind that person's back when that person is no longer in the court here today and make one of the most vicious attacks I have ever heard in my 10 years as a State's At-

torney on a witness that has testified in a case.

That is one of the reasons why people are fed up with this system because they know if they come to Court they are going to be cross-examined by some slickster like him, some mouthpiece like him who is paid to defend guys like this, guys that walk around with—

DEFENSE COUNSEL: Objection.

THE COURT: Sustain the objection.

&ast; &ast; &ast;

PROSECUTOR: &ast;&ast;&ast; [H]e and his type, ladies and gentlemen, are the type of people that run around with tattoos of stars on their cheeks, are the type of people that run and pillage those project areas.

DEFENSE COUNSEL: Objection.

PROSECUTOR: Terrorizing the citizens that live there.

THE COURT: Sustain the objection.

&ast; &ast; &ast;

Ladies and gentlemen, you folks know the law. It's common knowledge. We have to bring someone to trial within 120 days. When he keeps asking for continuances and they keep changing lawyers for two years, we can't try the case. And you know why he did that because he knew the witnesses in this case. He knew who those witnesses were.

DEFENSE COUNSEL: Objection.

PROSECUTOR: He knew they would move in the projects.

THE COURT: I would sustain the objection now &ast;&ast;&ast;

&ast; &ast; &ast;

&ast;&ast;&ast; That's what he did, ladies and gentlemen. Whoever said that? How many lies are they going to tell in this case?

DEFENSE COUNSEL: Objection.

PROSECUTOR: Reasonable inferences, ladies and gentlemen.

THE COURT: Mr. [Prosecutor], there is an objection pending.

I will sustain the objection, ladies and gentlemen, ask you to disregard it. I will direct the State please not to make any more direct comments about what you think of counsel's conduct. You may comment upon his argument, not on his conduct."

The second category of statements at issue on appeal is comprised of comments made during rebuttal closing arguments that were never objected to by defense counsel:

"*** [Roy Richardson] [h]aving to bear having to take off your coat and show someone, some slickster your arms ***

* * *

*** And in the same vein, ladies and gentlemen, the mouthpiece would ask you, where is Kirby? Where is Dianne? Where is Pearline? Sure, Kirby is on the west side. I know where he's at, but he ain't going to come into court and testify because Kirby Hoskins, Dianne and Pearline heed the warning that he issued on that morning when he told Charles Harris *** that is why those people aren't in court, ladies and gentlemen.

* * *

*** Mr. Murphy (defense counsel) very slickly implied about how the defendant might run ***

* * *

Ladies and gentlemen, if you find Larry Brown not guilty, you can then come back later today and tomorrow and walk him out of the courtroom smiling at what he's done."

Regardless of his guilt or his innocence, every defendant is constitutionally entitled to a fair and impartial trial. (*People v. Savage* (1967), 84 Ill. App. 2d 73, 228 N.E.2d 215.) In the realm of closing arguments, there has developed a growing concern over improper prosecutorial arguments that exceed the boundaries of fairness and impartiality inherent in our system of adversary justice. (See, *e.g.,* *United States v. Spain* (7th Cir. 1976), 536 F.2d 170, 174-76; *People v. Baptist* (1979), 76 Ill. 2d 19, 389 N.E.2d 1200.) It is against this backdrop that we address the imprudent comments that were uttered by the prosecutor in the instant cause.

■ We shall consider both the comments that were objected to by the defense and those that were not during our examination of this issue on appeal. We believe that the statements that were objected to were so substantially prejudicial that the taint of their prejudicial effect to the defendant could not be cured by the trial court's sustaining of the defense objections. (See *People v. Cepek* (1934), 357 Ill. 560, 570, 192 N.E. 573, 578 ("The fact that the court sustained objections to the prejudicial statements did not cure the errors in the case. [Citation.] Driving a nail into a board and then pulling the nail out does not remove the hole").) Further, we believe that the prosecutorial statements that were not objected to by the defense substantially prejudiced the defendant's right to a fair trial and constituted a material factor in his conviction. Only one of the two eyewitnesses testified at trial. His testimony established that he had been convicted of several felonies and that he had had a long history of heroin use. The

jury apparently chose to believe the eyewitness' testimony only in respect to the murder charge because they acquitted the defendant on both the armed robbery and attempted armed robbery charges. We therefore do not believe that the evidence of the defendant's guilt was so overwhelming as to outweigh the prejudicial effect of the prosecutor's comments. Where there are numerous instances of improper prosecutorial remarks, a reviewing court may consider their cumulative impact, rather than assessing them in isolation. (*People v. Whitlow* (1982), 89 Ill. 2d 322, 433 N.E.2d 629.) We find that the comments that were objected to, taken together with those that were not, were designed solely to arouse the prejudices of the jury without throwing any light upon the question of the defendant's guilt and that therefore, a new trial is required. See *People v. Savage* (1967), 84 Ill. App. 2d 73, 228 N.E.2d 215; *People v. Glickman* (1960), 27 Ill. App. 2d 379, 169 N.E.2d 815; *People v. Dukes* (1957), 12 Ill. 2d 334, 146 N.E.2d 14.

Specifically, in the instant case, the prosecutor persisted in calling defense counsel a "slickster," "a mouthpiece" and a liar despite the already sustained defense objections. These were not inadvertent errors. Arguments of a prosecutor which charge a defendant's counsel with attempts to free his client by trickery tend to deprive the accused of a fair trial. (*People v. Weathers* (1975), 62 Ill. 2d 114, 338 N.E.2d 880; *People v. Freedman* (1954), 4 Ill. 2d 414, 123 N.E.2d 317; *People v. Savage* (1934), 358 Ill. 518, 193 N.E. 470; see also *People v. Gilyard* (1970), 124 Ill. App. 2d 95, 260 N.E.2d 364 (such remarks deemed improper but not found prejudicial under facts of the case).) We find such comments to be inflammatory in the extreme and they will not be tolerated by this court.

In addition, the prosecutor repeatedly intimated that the reason that Hoskins, Posey and Clark did not testify at trial was because the defendant had somehow intimidated them by threatening retaliation if they testified against him. In fact, no testimony was offered at trial to explain the absence of the three witnesses. These types of remarks were therefore without foundation and were clearly calculated to prejudice the defendant in the eyes of the jury. (*People v. Whitlow* (1982), 89 Ill. 2d 322, 433 N.E.2d 629; *People v. Glickman* (1960), 27 Ill. App. 2d 379, 169 N.E.2d 815; *People v. Savage* (1967), 84 Ill. App. 2d 73, 228 N.E.2d 215.) Similarly, counsel's statement that inferred that the defendant persisted in asking for continuances because he knew that witnesses would become unavailable is also without foundation and calculated solely to arouse the prejudices of the jury.

■ In determining whether a prosecutor's closing comments are

prejudicial, reference must be made to the content of the language used, its relation to the evidence, and the effect of the argument on the rights of the accused to a fair and impartial trial. (*People v. Franklin* (1976), 42 Ill. App. 3d 408, 355 N.E.2d 634.) Taken as a whole, we cannot say that the prosecutorial comments referred to above were harmless beyond a reasonable doubt or did not contribute to the defendant's conviction. (*People v. Weathers* (1975), 62 Ill. 2d 114, 338 N.E.2d 880; see also *People v. Weinger* (1981), 101 Ill. App. 3d 857, 428 N.E.2d 924.) And we do not think it unreasonable to require a prosecutor who acts as a representative of the People of the State of Illinois to demonstrate respect and due regard for the defendant's constitutionally protected right to a fair and impartial trial. "It is the court's duty, as well as the prosecutor's duty, to see to it that every defendant has a fair and impartial trial, and where they have not done so, and prejudicial and reversible error is willfully committed and willfully allowed, they must accept the responsibility of the reversal of the judgment and sentence so obtained." (*People v. McGeoghegan* (1927), 325 Ill. 337, 356, 156 N.E. 378, 385.) We therefore find it necessary to remand this cause for a new trial.

The second issue raised by the defendant on appeal is whether the trial court improperly permitted the officers who investigated the murder and robbery at issue in this case to testify about their conversations with various witnesses during the course of their investigation. The defendant objected to this line of testimony at trial solely on hearsay grounds and again raises the hearsay issue on appeal. In contrast, the State urges that the statements were not hearsay because they were offered merely to show the steps that each officer took during the course of his investigation rather than to prove the truth of the matters asserted in the statements. We believe that the State is correct and we therefore find that the trial court properly overruled the defendant's hearsay objection.

In essence, the investigators testified regarding conversations they had with other persons which ultimately led them to apprehend the defendant. Representative of this line of testimony are such statements as that the defendant frequented Willie's Inn and that Rabbit was the name of the defendant's girlfriend; that an aunt of the defendant lived at a certain address; that the defendant was staying at the Park Row Hotel; that the defendant received several telephone calls at the hotel; and that certain telephone numbers that the defendant called from the hotel belonged to his sister and his aunt.

■ Hearsay is testimony of an out-of-court statement offered to establish the truth of the matter asserted therein, and resting for its

value upon the credibility of the out-of-court asserter. (*People v. Rogers* (1980), 81 Ill. 2d 571, 411 N.E.2d 223.) In the instant case, the above statements were not offered by the State to prove the truth of their contents. For example, statements regarding such facts as the name of the defendant's girlfriend or the address of his aunt were not at issue in this case and were not offered by the prosecution to prove the truth of the matters asserted in the statements. Rather, testimony in a criminal prosecution regarding investigatory procedures which is entirely within the knowledge of the officer who is testifying is not inadmissible hearsay where the purpose of such testimony is limited to show why the officer acted as he did. (*People v. Thomas* (1975), 25 Ill. App. 3d 88, 332 N.E.2d 597.) We believe that the testimony in the instant case fits under this heading and we therefore find that the trial court properly overruled the defendant's hearsay objection. While we question the relevancy of this testimony to the issues presented at trial, the defendant objected to the testimony solely on hearsay grounds and we therefore need only decide the hearsay question.

However, because we find that the prosecutor's comments during closing arguments constituted reversible error, we remand this case for a new trial.

Reversed and remanded.

JOHNSON and ROMITI, JJ., concur.