THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY FLETCHER, Defendant-Appellant.

First District (4th Division) No. 85—2749

Opinion filed May 28, 1987.

408

JIGANTI, J., dissenting.

Paul P. Biebel, Acting Public Defender, of Chicago (Kathleen M. Pantle, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:
Defendant, Larry Fletcher, was convicted of attempted aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4(a), 12—14(b)(1)), aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(c)(1)), and unlawful restraint (Ill. Rev. Stat. 1985, ch. 38, par. 10—3) following a jury trial in the circuit court of Cook County. The trial judge later entered judgment solely on the attempted aggravated criminal sexual assault verdict and sentenced defendant to the penitentiary for a term of 14 years.

On appeal, defendant contends that (1) he was not proved guilty beyond a reasonable doubt of attempted aggravated criminal sexual assault, (2) the trial judge erred by admitting into evidence certain testimony of the 6-year-old victim, (3) he did not receive a fair trial due to the prosecutor's prejudicial and inflammatory closing argument, and (4) the trial judge abused his discretion in sentencing him.

We reverse and remand.

The record shows that in early January 1985, defendant and his girlfriend, Lagretta Newell, lived with the family of her daughter, Tina Newell, in an apartment at 4155 South Lake Park Avenue in Chicago, Illinois. Tina Newell's family consisted of her boyfriend, Tony Briggs, and their children, the victim and three others.

The record further shows that on January 4, 1985, at about 9 p.m., defendant, Lagretta, and the victim were in one of the bedrooms of the apartment. The bedroom door was closed and locked. The victim and her grandmother lay in bed while defendant lay on the floor next to them. Defendant and the victim's grandmother had been drinking that night. Consequently, defendant, by his own admission, was "high" and the grandmother was very tired. The victim and

defendant were watching television when it began to malfunction. Defendant attempted to repair it from the rear while the victim assisted him by holding up a mirror. The grandmother fell asleep during defendant's repairs.

The jury heard conflicting testimony at this point. The State's evidence is summarized as follows. After defendant repaired the television, he took the victim from the bed, laid her on the floor and raised up her nightgown. The victim told defendant to let her go. Defendant rubbed her leg. He next unzipped his pants and exposed himself. He next rubbed his sex organ on the top part of the victim's leg. Defendant next pulled down her panties and inserted his finger into her vagina.

Walking by the bedroom, the victim's mother knocked on the door and told the grandmother to send out the victim so that she could go to bed. Defendant answered in the affirmative. Defendant then finished with the victim, opened the door, and let her out of the bedroom. The victim's mother noticed her daughter leaving the room. When the mother walked by the bedroom, the door was slightly ajar. She saw defendant, his sex organ exposed, zipping up his pants. She then went to her daughter. The victim was shaking and biting her nails. She asked her daughter what was wrong. The victim began crying and said that defendant "had been messing with her."

In contrast, defendant testified that after he repaired the television, the victim lay down again with her grandmother while he lay down again on the floor. A short time later, the victim's mother knocked on the door and told her daughter to get ready to go to bed. The victim then left the bedroom.

Both sides agree that the following events occurred. A few minutes after the victim left the bedroom, her mother entered, accused defendant of molesting her daughter, and then left the room. Shortly thereafter, the victim's father charged into the room and punched defendant in the face; defendant ran out of the apartment building. The victim's parents telephoned the police. A police officer went to the apartment, made a report of the incident, and obtained a description of defendant. The police officer then took the victim and her mother to Michael Reese Hospital, where a physician examined the victim. The examination revealed no evidence of oral trauma or bleeding or tears in the victim's vaginal area.

Defendant also went to Michael Reese Hospital that night, where he received stitches over his right eye and stayed overnight. Police officers arrested defendant at the hospital the next morning.

Defendant was charged by indictment with aggravated criminal

sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1)), criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, pars. 12—13(a)(1), (a)(2)), attempted aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4(a), 12—14(b)(1)), aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(c)(1)), and unlawful restraint (Ill. Rev. Stat. 1985, ch. 38, par. 10—3). On August 8, 1985, the jury found defendant guilty of attempted aggravated criminal sexual assault, aggravated criminal sexual abuse, and unlawful restraint. The trial judge later entered judgment solely on the attempted aggravated criminal sexual assault verdict. At the close of the sentencing hearing on September 16, 1985, the trial judge sentenced defendant to the penitentiary for a term of 14 years. Defendant appeals.

## I

Defendant claims that the prosecutor made improper comments during the State's rebuttal closing argument. Defendant argues that he did not receive a fair and impartial trial as a result of these comments. We agree. For the reasons that follow, we reverse the conviction and remand the cause for a new trial.

The record shows that the prosecutor made the following comments during the State's rebuttal closing argument:

"You have two choices when you go in the back, guilty and not guilty. You can find him guilty because we have proven him so through all the testimony, we have proven him guilty beyond a reasonable doubt. Or you can apply some of the things that the Defense Counsel tried to tell you. You could find him not guilty and declare open season for child molesters.

MS. PANTLE [defense counsel]: Objection.

THE COURT: Sustained, sustained. The jury is instructed to disregard that statement.

MR. LOEB [Assistant State's Attorney]: (Continuing.) If you want to find him not guilty because that was a, just a seven year old testifying, you can do so. But in doing so, you are saying that a seven year old's testimony can never convict a defendant.

MS. PANTLE: Objection, Judge. That is a misstatement.

THE COURT: The objection is sustained. The jury is instructed to disregard that statement.

MR. LOEB: You would be saying, oh, let's let him off because maybe the family didn't like him. Sure, encourage potential sex offenders to abuse families.

MS. PANTLE: Objection, Judge.

THE COURT: The objection is sustained. You are to base your decision, ladies and gentlemen, on the evidence and the law in front of you. Proceed."

■■ ■ Both the Federal and Illinois constitutions guarantee a defendant a fair and impartial trial, no matter how reprehensible his alleged crime. (*People v. Martin* (1975), 29 Ill. App. 3d 825, 828, 331 N.E.2d 311, 313.) In his argument to the jury, the prosecutor may dwell upon the evil results of the crime, urge a fearless administration of the criminal law, and comment upon the conduct of the accused. He may not, however, use violent language, make inflammatory remarks, and state his own opinion. Further, it is always improper for a prosecutor in his argument to attempt to get before the jury matters not in evidence. *People v. Provo* (1951), 409 Ill. 63, 70, 97 N.E.2d 802, 806.

■■ In determining whether a prosecutor's comments during his closing argument were prejudicial, a reviewing court must decide each case upon its own facts. (*People v. Weathers* (1975), 62 Ill. 2d 114, 120, 338 N.E.2d 880, 883.) The court must refer to the content of the language that the prosecutor used, its relation to the evidence, and the effect of the argument on the rights of the accused to a fair and impartial trial. *People v. Brown* (1983), 113 Ill. App. 3d 625, 630-31, 447 N.E.2d 1011, 1015.

In the instant case, the prosecutor's statements that an acquittal would (1) mean that "a seven year old's testimony can never convict a defendant," and (2) "encourage potential sex offenders to abuse families," were erroneous. The remarks, of course, went to matters not in evidence and, therefore, were improper. The comments went beyond dwelling upon the evil results of the crime and urging a fearless administration of the criminal law. Rather, the comments were inflammatory and represented the prosecutor's own opinions.

■■ Further, the prosecutor's persistence in making the improper remarks eliminated the salutary effect of the trial judge's sustaining of the defense objections. (*People v. Weinstein* (1966), 35 Ill. 2d 467, 471, 220 N.E.2d 432, 434.) "The fact that the court sustained objections to the prejudicial statements did not cure the errors in the case. [Citation.] Driving a nail into a board and then pulling the nail out does not remove the hole." *People v. Brown* (1983), 113 Ill. App. 3d 625, 629, 447 N.E.2d 1011, 1014, quoting *People v. Cepek* (1934), 357 Ill. 560, 570, 192 N.E.2d 573, 578.

The record further shows that during the State's rebuttal closing argument the prosecutor also recounted the victim's testimony while sitting in the witness chair and using the anatomical dolls that the

victim used while she testified. We agree with defendant that these actions were improper.

■■ ■ "The State's Attorney represents the People of the State of Illinois in the courtroom. The words he speaks carry the authority of the People and of the State. Thus, the State's Attorney must choose his words carefully so that he does not use that authority to persuade a jury that there is greater authenticity in what he says than in what the defense says." (*People v. Valdery* (1978), 65 Ill. App. 3d 375, 378, 381 N.E.2d 1217, 1220.) Further, "it is improper for a prosecutor to say anything in argument the only effect of which will be to inflame the passion or arouse the prejudice of the jury against a defendant without shedding any light on the paramount question presented to the jury, to-wit, its decision." (*People v. Lurry* (1979), 77 Ill. App. 3d 108, 114, 395 N.E.2d 1234, 1238.) Additionally, where a record contains numerous instances of improper prosecutorial remarks, a reviewing court may consider their cumulative impact rather than assess the prejudicial effect of each isolated comment. *People v. Whitlow* (1982), 89 Ill. 2d 322, 341, 433 N.E.2d 629, 638.

■■ Applying these principles to the facts of this particular case, we conclude that the cumulative effects of the prosecutor's remarks and actions "were designed solely to arouse the prejudices of the jury without throwing any light upon the question of the defendant's guilt and that therefore, a new trial is required." *People v. Brown* (1983), 113 Ill. App. 3d 625, 630, 447 N.E.2d 1011, 1015.

## II

We next consider two additional issues that defendant raises because they are likely to recur on retrial. The victim testified that she reported the attack to her mother and subsequently to the police and to doctors. Defendant claims that the trial judge erred by allowing into evidence that portion of her testimony referring to her outcry to the police and doctors. We disagree.

Section 115—10(1) of the Criminal Code of 1961 provides that, in a prosecution for a sexual act performed on a child under 13 years old, the testimony of the child that he or she reported the act to another is admissible evidence as an exception to the rule against hearsay. (Ill. Rev. Stat. 1985, ch. 38, par. 115—10(1).) The statute codifies common law. *In re R.D.* (1985), 131 Ill. App. 3d 612, 615, 476 N.E.2d 62, 64.

■■ ■ At common law, courts have admitted statements by rape victims when they came within either the spontaneous declaration or corroborative statement exception to the rule against hearsay. One re-

quirement for bringing a statement within the corroborative complaint exception is that the complaint must be spontaneous rather than answers to questions. (*People v. Fuelner* (1982), 104 Ill. App. 3d 340, 349-50, 432 N.E.2d 986, 993-94, citing *People v. Damen* (1963), 28 Ill. 2d 464, 473, 193 N.E.2d 25, 30.) Defendant argues that the State presented no evidence that the victim's statements to the police and doctors were spontaneous rather than a result of questioning.

 We reject defendant's argument. Defendant concedes that the victim's testimony that she reported the attack to her mother was admissible as a corroborating complaint. Courts will deem harmless the testimony of persons other than the child victim that contains unnecessary or impermissible detail, as long as the child's testimony or other pertinent evidence substantially corroborates it and as long as the child is present in court and available for cross-examination. *People v. Server* (1986), 148 Ill. App. 3d 888, 900, 499 N.E.2d 1019, 1027-28.

 We believe, likewise, that the victim's reference to the police and doctors in this case was simply unnecessary detail and, therefore, did not prejudice defendant. The victim reported the attack to her mother; her remaining testimony on the issue of her outcry was only additional information. The child also was in the courtroom, where defense counsel cross-examined her. The admission of incompetent evidence generally does not prejudice a defendant when competent evidence admitted at trial proves the same fact. (*People v. Hernandez* (1980), 88 Ill. App. 3d 698, 705, 412 N.E.2d 572, 578.) We hold that the admission of the victim's reference to her outcry to the police and doctors was not prejudicial error.

## III

Defendant claims that the trial judge erred in sentencing him because the trial judge (a) refused to order an evaluation from the Department of Alcoholism and Substance Abuse as to whether he was an alcoholic, (b) erroneously found that he was eligible for an extended prison sentence and used that finding to justify a lengthy non-extended sentence, and (c) imposed an excessive sentence.

## A

Defendant claims that the trial judge should have ordered an evaluation from the Department of Alcoholism and Substance Abuse as to whether defendant was an alcoholic. Defendant contends that the trial judge then should have considered the evaluation with the other evidence in aggravation and mitigation. We disagree.

■■ A trial judge properly bases a sentence on the particular circumstances of each case, including the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. The trial judge has the superior opportunity to consider these factors; we have before us only the cold record. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.) In the instant case, the record shows that the trial judge considered the presentence report, weighed the evidence in aggravation and mitigation, and heard testimony by defendant before sentencing him. We cannot say that the trial judge abused his discretion.

B

Defendant claims that the trial judge erroneously found that he was eligible for an extended prison sentence and used that finding to justify a lengthy nonextended sentence. We agree, but conclude that this was harmless error. The trial judge explicitly found that defendant was eligible for an extended prison sentence of 30 years (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2(a)(3)) because defendant was more than 17 years old and the victim was less than 12 years old on the date of the offense (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(3)). After reviewing the statute, the trial judge explicitly stated that defendant was eligible for an extended sentence. The trial judge also stated that he would not impose an extended sentence because of evidence in mitigation.

Defendant correctly assigns error to the trial judge's finding that he was eligible for an extended prison sentence. The fact that the victim was less than 13 years old is an essential element of the crime of aggravated criminal sexual assault. (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1).) The record shows that during sentencing, the trial judge relied on this statutory factor as his only basis for imposing an extended sentence. The trial judge described the crime as heinous, but based solely on the victim's age.

■■ "[I]n determining the appropriate range of punishment for a criminal offense, the legislature must necessarily have considered the factors inherent in the offense." (*People v. White* (1986), 114 Ill. 2d 61, 66, 499 N.E.2d 467, 469, citing *People v. Conover* (1981), 84 Ill. 2d 400, 405, 419 N.E.2d 906, 909.) In establishing aggravated criminal sexual assault as a statutory offense separate from criminal sexual assault, the legislature has already made the youth of the victim an element of the offense. (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1).) The statute provides a greater penalty for a person who attempts to commit sexual penetration upon a child under 13 years old. (Ill. Rev.

Stat. 1985, ch. 38, pars. 8—4(c)(2), 12—14(c).) Thus, "because a necessary element of [the offense of aggravated criminal sexual assault] is that the victim is less than 13 years of age, the general fact that the victim is a child under the age of 13 years should not be considered as an aggravating factor in sentencing for this offense." *People v. White* (1986), 114 Ill. 2d 61, 66, 499 N.E.2d 467, 469.

We conclude, however, that the trial judge's error was harmless. If a reviewing court can determine from the record that the weight that the trial judge placed on the erroneous aggravating factor was so insignificant that it did not lead to a greater sentence, then remandment for resentencing is not required. 114 Ill. 2d 61, 67, 499 N.E.2d 467, 469, quoting *People v. Bourke* (1983), 96 Ill. 2d 327, 332, 449 N.E.2d 1338, 1340.

In the instant case, defendant received 14 years; the maximum penalty is 15 years. The trial judge found that other sanctions would deprecate the seriousness of the offense. The trial judge based his sentence on other factors, such as the protection of the public and the deterrence of others, weighed against evidence in mitigation. After reviewing the record, we conclude that the weight of the erroneous aggravating factor was insignificant and did not result in a greater sentence to defendant.

■■ Additionally, although the trial judge did erroneously state that he could impose on defendant an extended sentence, the record does not show that he used the erroneous 30-year maximum extended sentence as a reference point in fixing defendant's sentence of 14 years. (*People v. Eddington* (1979), 77 Ill. 2d 41, 48, 394 N.E.2d 1185, 1188-89.) The trial judge reviewed much evidence in aggravation and mitigation before imposing sentence. We hold that the trial judge did not commit prejudicial error in sentencing defendant.

## C

Defendant lastly claims that his prison sentence of 14 years was excessive. He contends that the trial judge gave insufficient weight to his evidence in mitigation.

■■ ■ Supreme Court Rule 615(b)(4) authorizes this court to reduce a criminal sentence. (87 Ill. 2d R. 615(b)(4).) A sentencing decision, however, is a matter of judicial discretion and, so long as the sentence is within the statutory limits, we may not exercise our power to reduce it absent a finding that the trial court abused that discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) Further, a rebuttable presumption arises that a sentence is proper and is overcome only by an affirmative showing that the sen-

tence imposed varies greatly from the purposes and spirit of the law, or is manifestly violative of constitutional guidelines. *People v. Jenkins* (1984), 128 Ill. App. 3d 853, 857, 471 N.E.2d 647, 650, citing *People v. Gallardo* (1983), 112 Ill. App. 3d 764, 775-76, 445 N.E.2d 1213, 1222.

After reviewing the record in the instant case, we cannot say that the trial judge abused his discretion. The trial judge sentenced defendant to 14 years in the penitentiary. This is within the statutory limits. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(4).) The record shows that the trial judge weighed many different factors before imposing sentence. We hold that defendant's prison sentence was not excessive.

■■■ We lastly note that we believe the evidence at trial was sufficient for the jury to conclude that defendant was guilty beyond a reasonable doubt. This is not a finding as to defendant's guilt or innocence that would be binding on retrial. Rather, our consideration of the sufficiency of the evidence will remove the risk of subjecting defendant to double jeopardy. *People v. Taylor* (1979), 76 Ill. 2d 289, 309-10, 391 N.E.2d 366, 375.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial.

Reversed and remanded.

McMORROW, P.J., concurs.

JUSTICE JIGANTI, dissenting:

The majority concludes that although the evidence was sufficient to support the defendant's conviction for attempted aggravated criminal sexual assault, "numerous instances" of prosecutorial misconduct served to deny him a fair trial. Because I do not agree that the alleged acts of misconduct constituted a material factor in the jury's verdict, I must respectfully dissent from this conclusion.

It is well established that a prosecutor is allowed considerable latitude in presenting closing argument, and any comments should be considered within the context of the entire argument and with a view toward their impact upon the verdict in light of the evidence presented. (*People v. Franklin* (1976), 42 Ill. App. 3d 408, 415, 355 N.E.2d 634.) The testimony of the victim in the case at bar was not only clear and convincing, but also substantially corroborated. The comments cited by the majority as reversible error, *i.e.*, that acquittal would mean "a seven year old's testimony can never convict a defendant" and would "encourage potential sex offenders to abuse families"

(156 Ill. App. 3d at 410), do not appear to be of a nature which would inflame the passions of the jury. The record reveals, moreover, that objections to the comments were sustained and the jury was instructed to disregard them. Although I do not condone the prosecutor's conduct in briefly assuming the witness stand while recounting the victim's testimony, I do not agree that it had the effect of confusing the jury as to the proper weight to be given the victim's testimony. In light of the evidence presented, I cannot agree that the alleged acts of misconduct, considered either individually or cumulatively, had an effect upon the jury's verdict.