(No. 56760.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. BRUCE BOURKE, Appellant.

*Opinion filed May 27, 1983.*

Randy E. Blue, Deputy Defender, and Daniel M. Kirwan, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Tyrone C. Fahner and Neil F. Hartigan, Attorneys General, of Springfield (Michael B. Weinstein, Ellen M. Flaum and Maureen Cain, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

In three separate informations filed in the circuit court of Montgomery County, defendant, Bruce Bourke, was charged with two counts of burglary (Ill. Rev. Stat. 1979, ch. 38, par. 19—1) and one count of deceptive practices (Ill. Rev. Stat. 1979, ch. 38, par. 17—1). The burglary counts involved two separate entries on different dates, and the deceptive-practices count involved the issuance of three worthless checks. He pleaded guilty to all three charges and was sentenced to one year probation. Defendant's probation was subsequently revoked, and he was sentenced to four years' imprisonment on each burglary conviction and two years' imprisonment on the deceptive-practices conviction, the sentences to be served concurrently. In a Rule 23 order (87 Ill. 2d R. 23) the appellate court affirmed (105 Ill. App. 3d 1211), and we allowed defendant's petition for leave to appeal (87 Ill. 2d R. 315).

The People filed a petition for revocation of probation alleging that defendant had violated the terms of his probation by committing two acts of deceptive practices. Approximately 60 days later the People filed a second petition for revocation, alleging that defendant had wil-

fully failed to make payments of court costs and fines in accordance with the provisions of the probation order. Shortly thereafter the People filed an additional petition for revocation alleging that defendant had violated the provisions of his bail bond posted in the pending deceptive-practices charges, and that he had failed to report to his probation officer for a period of five months.

At the revocation hearing the State called several witnesses who testified concerning the violations of the terms of probation alleged in the People's petitions. Montgomery County Sheriff Claude Carlock testified concerning acts of misconduct by defendant while he was confined in the county jail. Defendant's mother testified that defendant's father was disabled and that defendant was needed at home to perform various chores for which the family could not afford to pay. Sandy Hayes testified that she was the mother of defendant's child and that defendant and she were planning to be married. Ms. Hayes testified that she needed defendant's help in raising the child and that she felt defendant was willing to support her and the baby. On cross-examination it was revealed that Ms. Hayes was 15 years old and was presently in the eighth grade. Ms. Hayes stated that she had received no financial support from defendant.

In closing argument, the assistant State's Attorney argued that the two separate incidents of deceptive practices and the violation of the provisions of his bail bond together with the failure to report to the probation officer and the failure to pay the fines as required by the probation order amounted to a "flagrant violation of the terms of probation." She argued that it would deprecate the seriousness of the offenses if defendant were to be placed on probation and argued that defendant should receive five years on each burglary charge and three years on the deceptive-practices charges without credit for the time served on probation. Finally, she argued

that defendant was not "worthy of being placed on probation again" because there had been no showing that he had been promised any employment, that he had any chance of paying the fines imposed on him, or that he had contributed to the support of his child and Ms. Hayes. Defendant's counsel stressed in closing argument that defendant's actions had not threatened serious injury to anyone and that defendant's family had attempted to compensate the victims. Defense counsel also argued that placing defendant in prison would entail excessive hardship to his dependents. Defense counsel stressed that "there are not a lot of cases where so many family members are willing to come in in support of the defendant." In rebuttal, the assistant State's Attorney argued that although there was no physical harm in this case, the victims lost several hundred dollars due to the burglaries and "bad checks." She also argued that defendant's conduct while incarcerated in the county jail and his repeated offenses while on probation indicated that his rehabilitation was unlikely and noted that since defendant must have been aware of his girlfriend's pregnancy at the time he committed the violations of his probation, he had not behaved as a responsible future father should have behaved.

The court, after noting that it considered the testimony presented at the hearing, the presentence report, the arguments of counsel, the statement made by the defendant, and the factors in mitigation and aggravation as presented by counsel in closing argument, stated:

"The Court would only comment in passing on those as far as factors in aggravation I would find that the defendant did receive compensation for committing the offenses that are involved here. He has a history of prior delinquency and criminal activity. The sentence to be imposed by the Court today is necessary to deter others from committing the same crime in violation of probation. As far as factors in mitigation I don't find that the

defendant's actions contemplated any serious physical harm to anyone or that he contemplated that they would. I find that there is the factor two dependents who have to rely on Mr. Bourke should he be released and readmitted to probation. I don't find any grounds to excuse his actions in this regard or that his conduct was induced or facilitated by anyone other than himself.

It is the Court's opinion that to readmit Mr. Bourke to probation in this matter would deprecate the seriousness of these offenses, would in effect place little or no meaning on the probation terms that were previously entered against the defendant in these three cases."

On appeal, the defendant contended, *inter alia,* that contrary to this court's holding in *People v. Conover* (1981), 84 Ill. 2d 400, the circuit court improperly relied upon the aggravating factor that defendant had been compensated for his crime because he had received the proceeds from his burglaries and deceptive practices. The appellate majority held that since the court stated that it noted the factor "in passing," it gave no weight to the factor in imposing sentence, and, alternatively, held that if the circuit court did improperly consider the issue of compensation, in light of the number of felonies on which sentence was imposed and defendant's conduct while on probation, the error was harmless. The dissenting justice found this court's decision in *People v. Conover* indistinguishable from this case.

Defendant argues that the appellate court erred in holding that the circuit court gave no weight to the improper factor but only mentioned it "in passing." Defendant argues that since the circuit court also commented "in passing" on the two other statutory aggravating factors upon which it relied, the most logical inference to be drawn from the court's statement is that it gave equal weight to each of the three aggravating factors noted.

The People respond that defendant's assertion amounts to a request that this court adopt a *"per se* rule requiring remandment of any case in which the trial court notes that it is relying on an improper factor." The People argue that

this is an incorrect interpretation of *Conover*, and that *Conover* held only that where it is impossible to determine how much weight the circuit court placed on an improperly considered aggravating factor, the case must be remanded for resentencing. The People argue that it is clear that the circuit court placed no weight whatsoever on the factor that defendant was "compensated" for his crime and thus resentencing is not required in this case.

It is clear from the decisions of this court and the appellate court that reliance on an improper factor in aggravation does not always necessitate remandment for resentencing. Where the reviewing court is unable to determine the weight given to an improperly considered factor, the cause must be remanded for resentencing. (*People v. Conover* (1981), 84 Ill. 2d 400, 405; *People v. Gardner* (1982), 105 Ill. App. 3d 103, 118; *People v. Teague* (1981), 101 Ill. App. 3d 993, 996; *People v. Hart* (1981), 101 Ill. App. 3d 343, 344; *People v. Allen* (1981), 97 Ill. App. 3d 38, 40.) However, where it can be determined from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence, remandment is not required. *People v. Reid* (1983), 94 Ill. 2d 88, 91; *People v. DeSimone* (1982), 108 Ill. App. 3d 1015, 1019; *People v. Carmack* (1982), 103 Ill. App. 3d 1027, 1037-38; *People v. Hicks* (1981), 101 Ill. App. 3d 238, 244; *People v. Devine* (1981), 98 Ill. App. 3d 914, 926-27; *People v. Fowler* (1981), 98 Ill. App. 3d 202, 206-07.

The sentence in this case was imposed prior to our decision in *Conover*, and the circuit court could not, of course, have looked to *Conover* for guidance. Since *Conover*, however, there would appear to be little reason for this problem to arise again.

We agree with the appellate majority that this case is distinguishable from *Conover*. In *Conover*, defendant Conover was sentenced to six years for burglary, a sentence

which was one year under the maximum. The sentencing court cited Conover's prior record, the need for deterrence, and the defendant's receipt of compensation in the form of the burglary's proceeds as aggravating factors. Defendant Jones, whose appeal was consolidated with Conover's, received a five-year prison sentence for theft, the maximum sentence permissible for that crime. In Jones' case the sentencing court considered the defendant's prior record, his violation of his position of public trust, the need for deterrence, and the defendant's receipt of compensation from his theft. (84 Ill. 2d 400, 402.) This court remanded the causes for resentencing because it could not determine how much weight had been accorded the improper aggravating factor. (84 Ill. 2d 400, 405.) Here, the record adequately demonstrates that the weight placed on the improperly considered aggravating factor was so insignificant that it did not result in a greater sentence. While it is true, as defendant notes, that the circuit court did note all three aggravating factors considered "in passing," the circuit court explained that to readmit defendant to probation "would in effect place little or no meaning on the probation terms that were previously entered against the defendant in these three cases." The assistant State's Attorney did not mention the improperly considered aggravating factor in her closing arguments, but rather stressed defendant's "flagrant violation of the terms of probation," the same factor that the circuit court emphasized. Defendant not only continued to commit crimes while on probation, but violated several other conditions of his probation. Furthermore, defendant's sentences were substantially below the maximum sentences permissible for burglary and deceptive practices. Unlike *Conover*, we are able to determine here that the length of defendant's sentence was not increased based on the circuit court's statement that defendant had received compensation for committing these offenses.

334

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*