THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN TROY McCON, Defendant-Appellant.

Fourth District   No. 4—89—0149

Opinion filed November 30, 1989.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Defendant was charged with the possession of more than 30 grams of phencyclidine (PCP) with intent to deliver and with the possession of more than 30 grams of PCP in violation of sections 402(a)(10) and 401(a)(10) of the Illinois Controlled Substances Act (Ill. Rev. Stat., 1984 Supp., ch. 56½, pars. 1402(a)(10), 1401(a)(10)). Defendant pleaded guilty to the possession of PCP and, in exchange, the State dropped the intent to deliver PCP charge. The trial court sentenced defendant to 10 years' imprisonment but later reduced the sentence to eight years. Defendant now appeals the length of his sentence.

The record shows that on May 23, 1985, Trooper Shaw of the Illinois State Police came upon a vehicle parked alongside Interstate 55 and stopped to investigate. Trooper Shaw found defendant asleep in the car, woke defendant, and asked for identification. Shaw soon learned that defendant was wanted in California for transporting illegal drugs and arrested him. Shaw also inventoried the vehicle and found three jars containing a brown liquid. These containers were submitted to the laboratory and were found to hold 507.5 fluid ounces of PCP. Defendant was arrested on narcotics charges and pleaded guilty to the possession charge.

At the sentencing hearing, Sergeant Steve Fermon of the Illinois State Police Criminal Investigation Unit testified that the quantity of PCP found in defendant's vehicle was in excess of 507 fluid ounces. The street value of the drug was between $350 and $500 per ounce.

Gerald Long, a lieutenant with the Illinois Department of Law Enforcement, testified that defendant admitted to meeting with people in California to arrange the trip to bring the PCP to Chicago. Long also testified that defendant admitted to making similar trips in the past.

Defendant claimed he never sold the drug, however, and was hesitant to assist the officers because of fear for his own safety.

Next to testify was Daniel Brown, an employee of the Bureau of Forensic Investigations Science Division of the Illinois State Police. Brown testified as an expert about the dangers of PCP. Defendant objected to Brown's testimony, claiming it to be irrelevant. The prosecution replied that the court needed to know for sentencing the implications of possessing such a large quantity of PCP. The trial court overruled the objection.

Defendant was the last to testify. Defendant stated that he had suffered a disabling injury in May of 1987. As a result, defendant was unemployable and was collecting workers' compensation. Defendant further testified that he had a lawsuit pending against his former employer.

The court found the following factors in aggravation: the defendant's conduct caused or threatened serious harm; the defendant received compensation for committing the offense; and a sentence of incarceration is necessary under the facts and circumstances of this case to deter others from committing similar crimes. For mitigating factors, the court found that defendant had a long period of time without any history of significant criminal activity or delinquency.

The court further found that defendant was not a member of any group or organization that was engaged in the sale or distribution of a controlled substance to the extent other than he was used as an individual to transport the controlled substance. However, the court did believe that defendant knew he was transporting PCP and that defendant was aware of the dangers the drug could bring upon the community. The court sentenced defendant to 10 years' imprisonment.

On December 16, 1988, defendant filed a motion to reduce his sentence. The motion alleged that the trial court had improperly considered expert testimony concerning the dangers of PCP, defendant had no significant prior record, and defendant's health had deteriorated so that in addition to his crippling back injury, defendant had been diagnosed as having asbestosis. The motion stated that defendant would probably never work again and that an adequate disability settlement could be obtained only if defendant was available for consultation and vocational rehabilitation.

On February 8, 1989, the trial court reduced defendant's sentence to eight years. Notice of appeal was filed February 14, 1989.

Defendant first argues that the trial court erred when it allowed and considered Dr. Brown's testimony concerning the dangers of PCP abuse. The effects of PCP usage had already been considered by the

legislature when it established the penalties for possession of the substance and should not have been considered in the sentencing hearing. Defendant further argues that Dr. Brown's testimony was not harmless error because the State relied on it in arguing for a severe sentence. The court also specifically referred to the fact that PCP was a dangerous drug. Defendant claims that there was no evidence other than Dr. Brown's testimony to support this statement. Defendant asks for a new sentencing hearing.

We must first determine whether the trial court considered an improper aggravating factor in sentencing defendant. If the trial court considered an improper factor, we must then decide if that improper factor was significant enough to remand the cause for resentencing.

■ Matters considered by the legislature in determining the authorized range of sentences which are inherent in the offense are not proper aggravating factors to be considered in a sentencing hearing. (*People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.) In *Conover*, the Illinois Supreme Court held that it was improper for a trial court to consider receipt of proceeds from a burglary or theft as an aggravating factor in determining the length of a sentence. Proceeds were an inherent part of the crime of burglary or theft and had already been considered by the legislature when it determined the range of penalties. (See also *People v. Martin* (1988), 119 Ill. 2d 453, 519 N.E.2d 884 (holding that the death of a victim may not be considered an aggravating factor in a homicide sentencing); *People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138.) However, the court in *Saldivar* stated that while death may not be considered as an aggravating factor in a homicide case, the force used to bring about the death may be considered. The classification of a crime determines the range of sentencing, but the severity of the sentence depends upon the degree of harm caused.

Section 411 of the Illinois Controlled Substances Act allows a court to consider the nature and quantity of the drug possessed in sentencing defendants. (Ill. Rev. Stat. 1983, ch. 56½, par. 1411.) PCP is listed as a Schedule II drug (Ill. Rev. Stat. 1983, ch. 56½, par. 1206(e)(5)), meaning that the substance has a high potential for abuse, has a currently accepted medical use, or currently accepted medical use with severe restrictions, and the abuse of the substance may lead to severe psychological or physiological dependence. Ill. Rev. Stat. 1983, ch. 56½, par. 1205.

■ Defendant's argument that the trial court considered an improper factor in sentencing is not convincing. The trial court found as an aggravating factor that defendant's action would cause a great deal of harm. Defendant asserts that this finding was a result of Dr.

Brown's testimony that PCP was a dangerous drug. However, this finding was a reference to the quantity of PCP defendant possessed. The trial court overruled defendant's objection to Dr. Brown's testimony because the State asserted that such testimony would illustrate the dangers of possessing a large quantity of the drug. At the motion to reduce defendant's sentence, the trial court stated in reference to its earlier finding: "The nature of the offense, the *size* of the controlled substance that was being transported in no way would merit a sentence of probation." (Emphasis added.) Case law, *Saldivar*, and statute, section 411, all allow the quantity of drugs to be considered as an aggravating factor.

Defendant further contends that nowhere in the record, except for Dr. Brown's testimony, is it stated that PCP is a dangerous drug. However, not only should it be common knowledge that PCP is a dangerous drug, it is also listed as a Schedule II drug in the Illinois Controlled Substances Act (see Ill. Rev. Stat. 1987, ch. 56½, pars. 1411(1), (2)), and as such is classified as a highly toxic drug (sections 411 (1), (2)) with a high potential for abuse.

■ Even if we were to find that the trial court relied on improper evidence in the sentencing hearing, such reliance would be insignificant. Defendant received far from the maximum sentence, 8 out of a possible 15 years (see Ill. Rev. Stat. 1983, ch. 56½, par. 1402(a)(10); ch. 38, par. 1005—8—1(a)(4)); and the court relied on other aggravating factors, including the massive quantity of PCP defendant possessed. Where it can be determined that an improper factor in aggravation did not lead to a greater sentence, no reversal is required. *People v. Bourke* (1983), 96 Ill. 2d 327, 449 N.E.2d 1338.

■ Defendant's second contention, that the trial court's eight-year sentence does not adequately reflect any consideration of his health problems, is without merit. During defendant's motion to reconsider, defendant testified extensively regarding his injuries and his pending claims against his former employer. The court heard defendant's testimony and explicitly stated that it would consider a letter from defendant's civil counsel concerning defendant's pending lawsuits. The court then reduced defendant's sentence by two years. We find that the record amply shows that the trial court considered defendant's personal troubles in determining a proper sentence.

For the foregoing reasons, the trial court is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.