THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JUDY K. GOLD, Defendant-Appellant.

Fifth District   No. 5—90—0094

Opinion filed November 12, 1991.

Thomas E. Hildebrand, of Hildebrand & Cagle, of Granite City, for appellant.

William R. Haine, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Judy K. Gold, pleaded guilty to the charge of involuntary manslaughter (Ill. Rev. Stat. 1989, ch. 38, par. 9—3(a)) and was sentenced to an extended, 10-year term of imprisonment by the circuit court of Madison County. In this appeal, defendant contends: (1)

that the trial court failed to properly consider the factors in mitigation in sentencing defendant, (2) that the trial court gave undue weight to the factors in aggravation, and (3) that the sentence was excessive. We affirm.

The morning of August 3, 1989, Kimberly Weber dropped off her two-year-old son, Justin Weber, at defendant's residence. Defendant was Justin's baby-sitter and had cared for him on numerous prior occasions. That afternoon at approximately 4:30 p.m., Mrs. Weber returned to defendant's house to pick up her son. Upon entering defendant's house, Mrs. Weber found Justin lying on the couch, apparently sleeping. Defendant told Mrs. Weber that Justin had been on the couch since approximately 1:30 p.m. Mrs. Weber tried unsuccessfully to awaken her son, and as she picked him up, she noticed blood coming from his mouth. He remained unresponsive. Justin was taken to Alton Memorial Hospital by ambulance and transferred to Cardinal Glennon Hospital in St. Louis, Missouri, where tests revealed that Justin suffered from a severe subdural hematoma. He underwent brain surgery, but surgeons were unable to repair the damage, and Justin died three days later.

The undisputed evidence shows that Justin was killed as a result of being shaken with a significant degree of force. He was diagnosed with shaken-infant syndrome, a condition seen in infants and small children. Due to the nature of underdeveloped neck muscles in infants and small children, the result of such a person being shaken can be brain damage or, as in this case, death. It was further undisputed that the victim had been shaken violently enough to cause his death during the time he was in defendant's care.

Defendant was charged with involuntary manslaughter, a Class 3 felony, and pleaded guilty to that charge on October 5, 1989. The plea was an "open plea," meaning that defendant could seek probation, and the State could seek any applicable sentence, including an extended term. After a hearing on factors in aggravation and mitigation, the trial court sentenced defendant to an extended term of 10 years' imprisonment. Defendant appeals that sentence.

We find the issue on appeal to be whether the trial court properly imposed a 10-year, extended-term sentence, considering the factors in aggravation and mitigation. Defendant argues that the trial court failed to properly consider factors in mitigation and gave undue weight to factors in aggravation. At the sentencing hearing, the court heard evidence on various mitigating factors as codified in section 5—5—3.1 of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.1). Defendant presented evidence that:

(1) she had no prior criminal history, (2) she was remorseful about the incident, (3) she had a good relationship with her two-year-old son, who would suffer if she was incarcerated, (4) a prison term would endanger her mental health, and (5) she is likely to comply with the terms of a period of probation.

The record reveals that the trial judge sufficiently examined all mitigating factors individually and collectively:

"I've carefully considered all of the factors in mitigation and aggravation. There is no magical formula or mathematical equation that I can equate to one factor as opposed to another factor. I look at the factors in mitigation, I consider the fact that the Defendant has no prior history, or prior delinquency of any criminal activity whatsoever. And that the Defendant has led an exemplary life up to this time as a law abiding citizen.

There is a factor whether or not these criminal circumstances, criminal conduct is likely to reoccur, I have taken that into consideration. I heard ample evidence about the effect that imprisonment of the Defendant would have on her dependents, also whether *** imprisonment would endanger the medical condition *** of the Defendant ***.

I weigh that against the factors in aggravation. I looked at all the factors."

The trial court then turned to factors in aggravation as set forth in section 5—5—3.2 of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2). The court found it significant that the victim was two years old and that defendant was hired to care for him. The trial court emphasized the incidence of child abuse and neglect in our society and decided that a term of imprisonment would serve to deter defendant and others from such conduct. The court also found defendant eligible for an extended-term sentence under section 5—5—3.2(b)(4)(i) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(b)(4)(i)), which provides that when the victim of a felony is under 12 years of age, the defendant qualifies for an extended term of imprisonment. An extended term of imprisonment for a Class 3 felony is not less than five years and not more than 10 years. Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—2(a)(5).

The standard of review is clear. Sentencing is a matter of discretion, and absent an abuse of discretion, the sentence will not be altered on review. (*People v. Willingham* (1982), 89 Ill. 2d 352, 432 N.E.2d 861.) Our supreme court has consistently held that it is not an appellate court's function to serve as a sentencing court, and we will not substitute our judgment for that of the trial court. (*People v. Cox*

(1980), 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547; *People v. Perruquet* (1977), 68 Ill. 2d 149, 156, 368 N.E.2d 882, 885.) As stated in *Perruquet*:

> "[T]he trial judge is normally in a better position to determine the punishment to be imposed than the courts of review. [Citations.] A reasoned judgment as to the proper sentence to be imposed *** depends upon many factors, including the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. [Citation.] The trial judge, in the course of the *** sentencing hearing, has an opportunity to consider these factors 'which is superior to that afforded by the cold record in this court.' " 68 Ill. 2d at 154, 368 N.E.2d at 884, quoting *People v. Morgan* (1974), 59 Ill. 2d 276, 282, 319 N.E.2d 764, 768.

■ We do not find an abuse of discretion in this case. Defendant argues that the trial court improperly weighed the factors in aggravation and mitigation, but we find no such error. It is undisputed that defendant's actions caused the death of a two-year-old child, the victim's age being a factor in aggravation which the General Assembly deems appropriate for an extended-term sentence. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2.) The court also properly considered deterrence as a factor in sentencing defendant. Defendant argues that the deterrence factor should not have been considered in this case, citing *People v. Martin* (1988), 119 Ill. 2d 453, 519 N.E.2d 884, as support. *Martin* held that the plain error doctrine could be used in reviewing a maximum sentence imposed on a conviction of involuntary manslaughter when the *only* aggravating factors considered by the court were harm to the victim and deterrence. (119 Ill. 2d at 458, 519 N.E.2d at 886-87.) The *Martin* court further stated that deterrence has, at best, a marginal applicability to the circumstances surrounding involuntary manslaughter in that the offense involves an unintentional killing. (Ill. Rev. Stat. 1989, ch. 38, par. 9—3; *Martin*, 119 Ill. 2d at 459, 519 N.E.2d at 887.) *Martin* can be distinguished from the case at bar, however, since the instant case presents an additional factor in aggravation not present in *Martin*, the age of the victim. The record shows that the deterrence factor mentioned by the trial court was not the primary reason behind defendant's extended-term sentence.

■ Finally, defendant contends that the trial court's consideration of the harm inflicted upon the victim was reversible error. Citing *People v. Martin* again, defendant argues that the trial court's consideration that defendant's conduct caused serious bodily harm as a factor in aggravation at a sentencing of involuntary manslaughter was plain

error. (119 Ill. 2d 453, 519 N.E.2d 884.) The court in *Martin* clarified its previous holding in *People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138, by stating:

"'[T]he degree of harm 'may be considered as an aggravating factor in determining the exact length of a particular sentence, *even in cases where serious bodily harm is arguably implicit in the offense for which a defendant is convicted*' (emphasis in original) \*\*\*." (*People v. Martin* (1988), 119 Ill. 2d at 461, 519 N.E.2d at 887-88, quoting *Saldivar*, 113 Ill. 2d at 269, 497 N.E.2d at 1143.)

The *Martin* court went on to say that the trial court in that case imposed a greater sentence *solely* because the defendant's actions resulted in death, which was improper since death is implicit in the charge of involuntary manslaughter and cannot by itself be considered as a factor in aggravation. (119 Ill. 2d at 461, 519 N.E.2d at 888.) The manner of death inflicted upon a victim by a defendant is still a proper consideration, however, according to *Martin*. 119 Ill. 2d at 461, 519 N.E.2d at 888.

Here, the trial court briefly mentioned defendant's conduct causing harm to the victim as a factor in aggravation. The court failed to specify whether it considered defendant's conduct in relation to the victim's manner of death, or whether it considered only that defendant's conduct caused the victim's death. Even if the court's consideration of this factor was improper, reliance on an improper aggravating factor in a sentencing proceeding does not *per se* require remand for resentencing. When a reviewing court is unable to determine the weight given to an improperly considered factor, the cause must be remanded for resentencing. (*People v. Bourke* (1983), 96 Ill. 2d 327, 332, 449 N.E.2d 1338, 1341.) The record in this case shows the trial court mentioned defendant's conduct causing harm to the victim only in passing, and in the context of imposing this sentence the conduct carried little weight.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

HARRISON and LEWIS, JJ., concur.