2019 IL App (1st) 171815-U

No. 1-17-1815

Order filed October 30, 2019

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 14869 |
| | ) | |
| SHAUNTAY SARDIN, | ) | Honorable |
| | ) | Ursula Walowski, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Ellis and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's eight-year concurrent sentences for two counts of aggravated discharge of a firearm are vacated and the case is remanded for resentencing where the trial court erred in considering a factor implicit in the offense—the fact that defendant shot a firearm at another person—as an aggravating factor at sentencing.

¶ 2    Following a jury trial, defendant Shauntay Sardin was convicted of two counts of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2014)) and sentenced, based on his background, as a Class X offender to concurrent terms of eight years' imprisonment. On

appeal, defendant argues that his sentence is excessive because the trial court: miscalculated his good conduct credit and imposed a sentence longer than the six-year sentence the court explicitly intended, and considered a factor in aggravation that was inherent in the offense—the fact that he discharged a gun in the direction of two individuals. Because the court erred in considering an improper factor in aggravation, we vacate defendant's sentence and remand for resentencing.

¶ 3    Defendant was charged, by indictment, with two counts of aggravated discharge of a firearm. Both counts alleged that defendant knowingly discharged a firearm in the direction of another person: James Stubbs (count one), and Latasha Johnson (count two). The case advanced to a jury trial. Because defendant does not challenge the sufficiency of the evidence to sustain his conviction, we only recount the facts necessary to address the argument of sentencing error.

¶ 4    At trial, Johnson testified that on August 18, 2015, she went to the intersection of 72nd Street and Bennett Avenue with Stubbs. After they arrived by bus, Johnson recognized defendant, whom she had known for over two years. Johnson and Stubbs attempted to communicate with defendant several times but defendant refused to speak with them. Eventually, Johnson walked down 73rd from Jeffrey Boulevard to Bennett.[1] There, she saw defendant with a gun in his hands, and called out his nickname. When she did so, defendant shot at her.

¶ 5    Stubbs attempted to cover Johnson, and then defendant shot at Stubbs twice. Stubbs ran away, and defendant passed the gun to someone else. The other person shot at Stubbs two to three times. Defendant and the other person then ran away. Johnson called the police who arrived on the scene. On August 23, 2015, Johnson identified defendant from a photo.

---

[1] Throughout the record one of the streets is referred to as "Jeffrey Boulevard" or "Jeffrey." In his brief, defendant refers to this street as "Jeffery Avenue." We will refer to it as Jeffrey per the record.

¶ 6     The State introduced into evidence a surveillance video from the intersection of 73rd and Jeffrey. The video was played in open court and Johnson narrated it. The video shows Stubbs, Johnson and defendant walking on screen and off screen. It later shows a man ducking down in reaction to something off screen.

¶ 7     Stubbs testified that on August 18, 2015, he confronted defendant at 72nd and Bennett and asked him why he spat and flicked a cigarette at Johnson's sister. Defendant ran away and Stubbs chased after him for about a block and then returned to Johnson. Shortly thereafter, defendant ran around the corner and pulled a gun on Johnson. Defendant fired once at Johnson, and then fired twice at Stubbs. Defendant then gave the gun to another person, who fired the gun at Stubbs. The two men then ran away. Police soon arrived on the scene, and Stubbs identified a photo of defendant as the man who shot at him. The video from the intersection of 73rd and Jeffrey was shown to Stubbs and he described his part in it.

¶ 8     Chicago police officer Joseph Verdin testified that he and his partner Officer Brian Herman responded to the call of shots fired at 73rd Street and Jeffrey. Verdin spoke with Stubbs and Johnson, who provided Verdin with defendant's name. Verdin found a photo of defendant on his in-car computer system and both Stubbs and Johnson identified defendant as the man who shot at them. Verdin identified defendant in court as the man from the photo he showed to the victims. On August 23, 2015, Verdin returned to the vicinity of 73rd and Jeffrey where he saw defendant and placed him under arrest.

¶ 9     Defendant testified that he did not have a gun on August 18, 2015, and did not fire any shots at Johnson or Stubbs. He was present on the day, and heard the shooting but was not involved.

¶ 10    The jury found defendant guilty of two counts of aggravated discharge of a firearm. Defense counsel filed a motion for judgment notwithstanding verdict or, in the alternative, for a new trial. After hearing arguments, the court denied the motion.

¶ 11    At sentencing, the State informed the court that defendant was Class X mandatory due to his criminal history. The State relied on the presentencing investigation report (PSI) in making its arguments on aggravating factors. The PSI showed defendant was sentenced to probation in an aggravated robbery case in 1997 and was sentenced to six years' imprisonment for violation of said probation in 1998 which was concurrent with a five year sentence for possession with intent. Defendant was additionally found guilty: in Wisconsin of possession of THC, obstructing a police officer, and disorderly conduct in 2003; in Minnesota of offering a forged check in 2007; and in Illinois of possession with intent in 2006, possession of cannabis in 2010, and for delivery of cannabis in 2013 and 2014. Defendant admitted he was a former member of the Black P Stone street gang.

¶ 12    The State also informed the court that there was an order of protection against defendant, which demonstrated his violent background. The State highlighted defendant's criminal history, arguing that defendant lacked remorse for his actions in his continued denial of guilt, and asked the court to impose a substantial sentence.

¶ 13    In mitigation, defense counsel recounted defendant's upbringing, his disabilities, employment history, and family. Counsel asked for a sentence at the lower end of the sentencing range. Defendant spoke in allocution and emphasized his lack of criminal history involving guns or domestic violence. He stated he was "falsely accused" of the crime for which he was

convicted and denied being guilty. He also asked the court to consider his children and show mercy.

¶ 14    In announcing its sentence, the court stated:

"THE COURT: Okay, Mr. Sardin. According to the - - I reviewed the presentence investigation. I sat through the trial. I listened to the trial. I listened to the people that testified ***. Fortunately they weren't hit. So there is no situation here where there is great bodily harm; which I guess in a sense is mitigation.

The other mitigation is that, you know, as far as your children, your family you have positive influences there. However, Mr. Sardin, first of all, the fact that you shot a gun at people thank God you didn't hit anybody and that you're not charged with that. That's aggravating."

¶ 15    The court then recited defendant's criminal history in detail, noting that:

"You start out with an aggravated robbery where you got probation but you didn't complete it. You didn't take advantage of the opportunity and you were found guilty of - - pled guilty to a violation of your probation and was sentenced to six years in '98.

Shortly after you got out there is a couple of cases of possession of THC, obstructing a police officer, disorderly conduct in Wisconsin. So apparently you left Chicago and went to Wisconsin and had a couple of misdemeanor arrests in Wisconsin after you were apparently released or I would think you would still be on parole or maybe just off parole for the aggravated robbery. That aggravated robbery sentence was concurrent with a possession with intent, which you received five years which was concurrent.

Then in '06 I have another possession with intent where you were sentenced to three years. It seems that you're are basically in and out of jail. Then in '07 you got a probation sentence offered to you for a forged check in Minnesota. So you went to Minnesota and apparently got arrested there.

Then in 2010 and 2013 and 2014, so those are your recent ones, there is a possession of cannabis and delivery of cannabis, two cases, one of which was amended to a misdemeanor.

The court noted "that background is aggravating."

¶ 16     The court sentenced defendant to 12 years' imprisonment, which the State confirmed was day-for-day credit. The court multiple times informed defendant that he had approximately "four years left," considering his "time served" and day-for-day credit. After the court informed defendant of his right to appeal, the State stated that defendant may be required to serve 85% of the sentence, having received a copy of the statute from counsel. The court stated that it would verify that claim and continued the matter. Defense counsel filed a motion to reconsider sentence, which was denied.

¶ 17     On the following day, the court informed defendant that it reviewed the statute, and that he was required to serve 85% of his sentence. The court stated it was "going to resentence [defendant] because I want to be clear because I told you you were getting 12 years at 50% time based on my mistake. So I am going to resentence you to 8 years, Illinois Department of Corrections." Defendant filed a motion to reconsider sentence, which was denied. The court made clear the original sentence was vacated, and then defendant filed a notice of appeal.

¶ 18     On appeal, we first consider defendant's argument that the trial court considered an improper factor in aggravation—the fact that he discharged a gun in the direction of two individuals. The State responds that the trial court did not consider this factor, and the sentence was based on defendant's lengthy criminal history.

¶ 19     In setting forth his appeal, defendant argues that he preserved this issue for review by filing a written motion to reconsider sentence. In the motion, he argued that "the court improperly considered in aggravation matters that are implicit in the offense." He raised this exact argument twice after both sentencing hearings. Our supreme court has stated that "to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Hillier*, 237 Ill.2d 539, 544-54 (2010). Although defendant provides no support that a written postsentence motion filed immediately after judgment and before close of record is a contemporaneous objection, the State's position on appeal is that defendant's arguments were preserved; consequently any forfeiture arguments are waived by the State. *People v. Williams*, 193 Ill. 2d 306, 347-48 (2000).

¶ 20     The Illinois Constitution dictates that the "seriousness of the offense" and the rehabilitation of the defendant must be considered in determining a sentence. Ill. Const. 1970, art. I, § 11; *People v. Wilson*, 2012 IL App (1st) 101038, ¶ 61. Decisions in sentencing are entitled to "great deference." *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). A trial court is not required to recite or assign a value to each factor in mitigation and aggravation that is presented at the sentencing hearing. *People v. Barnes*, 2017 IL App (1st) 143902, ¶ 95. Only when there has been an abuse of discretion may the reviewing court disturb the sentence. *People v. Jones*,

168 Ill. 2d 367, 373-74 (1995). There is a presumption that a sentence within statutory guidelines is proper. *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46.

¶ 21 Defendant was convicted of aggravated discharge of a firearm, a Class 1 felony. (720 ILCS 5/24-1.2(a)(2) (West 2014)). However, defendant was sentenced as a Class X offender with a sentencing range of 6 to 30 years' imprisonment. 730 ILCS 5/5-4.5-95(b), 5-4.5-25(a) (West 2016). Defendant's eight year sentence is within the range and is consequently presumed proper. *Knox*, 2014 IL App (1st) 120349, ¶ 46. Defendant does not dispute that his sentence is within the statutory range. Rather, he argues that the sentence was based on an improper factor.

¶ 22 When a sentence is based on an improper factor there is an abuse of discretion. *People v. Minter*, 2015 IL App (1st) 120958, ¶ 147. The question of whether a trial court considered an improper factor in imposing a sentence is a question of law that is reviewed *de novo*. *People v. Chaney*, 379 Ill. App. 3d 524, 527 (2008); *People v. Shanklin*, 2014 IL App (1st) 120084, ¶ 91. Remand is required where the court considered an improper factor in sentencing the defendant, and it is not possible to determine the weight the court placed on the factor in sentencing. See *People v. Heider*, 231 Ill. 2d 1, 21 (2008). The defendant bears the burden of affirmatively showing that an error occurred. *People v. Burnette*, 325 Ill. App. 3d 792, 809 (2001). This requires a review of the whole record and not just a few words or statements. *People v. Valadovinos*, 2014 IL App (1st) 130076, ¶ 47. We begin our analysis by determining whether the court considered an improper factor. If we find that it did, we will consider whether remand is required.

¶ 23 A trial court may not use a factor which is an element of the offense as an aggravating factor at sentencing. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 9 (remanding for a new

sentencing hearing where a factor inherent in the offense was used as factor in aggravation to impose a longer sentence within the applicable sentencing range). The rule against considering factors inherent in the offense in aggravation is not meant to be inflexible because trial courts are permitted to consider the specific circumstances of the offense in determining a sentence. *People v. Cain,* 221 Ill. App. 3d 574, 575 (1991). In fact, the only chance the court has to communicate its opinion of defendant's conduct will likely be at sentencing. *People v. Sauseda,* 2016 IL App (1st) 140134, ¶ 15.

¶ 24     In this case, defendant was convicted of two counts of aggravated discharge of a firearm. A defendant is guilty of aggravated discharge of a firearm when he "[d]ischarges a firearm in the direction of another person." 720 ILCS 5/24-1.2(a) (West 2014). Here, the record shows that in imposing sentence the court stated, "first of all, the fact that you shot a gun at people thank God you didn't hit anybody and that you're not charged with that. That's aggravating." As such, the court specifically mentioned that defendant discharged a gun in the direction of another person and expressly noted that it was an aggravating factor. The court did not mention the specific circumstances of the offense, just the elements. Given this record, we find the court did consider an improper factor in sentencing defendant.

¶ 25     That said, a sentence where an improper factor is considered may be affirmed if a review of the record establishes that the consideration of the improper factor "was so insignificant that it did not lead to a greater sentence." *Heider*, 231 Ill. 2d at 21. On review to determine whether insignificant weight was given to an improper factor we consider: "(1) whether the trial court made any dismissive or emphatic comments in reciting its consideration of the improper factor; and (2) whether the sentence received was substantially less than the maximum sentence

permissible by statute." *Abdelhadi*, 2012 IL App (2d) 111053, ¶ 18; accord *People v. Bourke*, 96 Ill. 2d 327, 333 (1983). When "the reviewing court is unable to determine the weight given to an improperly considered factor, the cause must be remanded for resentencing." *Bourke*, 96 Ill.2d at 332; accord *People v. Walker*, 392 Ill. App. 3d 277, 302 (2009).

¶ 26    The record shows that the trial court expressly mentioned that defendant shot a gun at people and that this was aggravating. The court then went into a thorough recitation of defendant's criminal history, which it also considered "aggravating." The court in conclusion stated, "based on all the factors that I have considered, I have listened to what you told me in mitigation, the background in aggravation, the facts of this case I find that the appropriate sentence is 12 years in the Illinois Department of Corrections." The court subsequently sentenced defendant to eight years' imprisonment.

¶ 27    Although, it is arguable that the court emphasized defendant's criminal history, we cannot say that the improper factor was downplayed. See *Johnson*, 2017 IL App (4th) 160920, ¶ 50 (remanding for resentencing where the trial court "did not make any dismissive or emphatic comments" and "simply enumerate[ed] [the factors] among other aggravating factors"). Moreover, the improper factor was not simply a general comment made in passing at sentencing. See *People v. Rios*, 318 Ill. App. 3d 354, 368 (2000) (finding that the trial court's mention of the "tragic impact" on the victim and the victim's family did not indicate that the court considered the victim's death in aggravation).

¶ 28    In addition, given the trial court's wording, there is little indication in how much weight the court gave to the improper factor. *Abdelhadi*, 2012 IL App (2d) 111053, ¶ 19. In support of this conclusion, we note that the improper factor was the first aggravating factor mentioned by

the court—albeit after the mention of mitigating factors. See *People v. Whitney*, 297 Ill. App. 3d 965, 971 (1998) (improper factor was first factor mentioned by the court supporting finding that weight placed on improper factor was not negligible). Although defendant's eight-year sentence was only two years above the Class X statutory minimum it is impossible to determine whether the sentence would have been shorter had the improper factor not been considered by the trial court. 730 ILCS 5/5-4.5-25(a) (West 2016) (Class X sentencing range is 6 to 30 years' imprisonment); see *Abdelhadi*, 2012 IL App (2d) 111053, ¶ 19 (remanding for a new hearing even though the sentence was substantially below the maximum because the reviewing court could not discern how much weight was placed on compensation as an aggravating factor). In sum, because we cannot determine whether insignificant weight was placed on the improper factor in sentencing, we must remand for a new sentencing hearing. *Bourke*, 96 Ill.2d at 332.

¶ 29 Given our conclusion, we need not consider defendant's argument that his sentence is excessive because the court imposed a sentence longer than it intended.

¶ 30 For the reasons set forth above, we vacate defendant's sentence and remand for resentencing.

¶ 31 Vacated and remanded.