2020 IL App (1st) 181606-U
No. 1-18-1606
December 21, 2020

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, ) | Appeal from the Circuit Court |
| ) | Of Cook County. |
| Plaintiff-Appellee, ) | |
| ) | No. 16 CR 7195 |
| v. ) | |
| ) | The Honorable |
| CORNELL WYRICK, ) | Joseph M. Claps, |
| ) | Judge Presiding. |
| Defendant-Appellant. ) | |

PRESIDING JUSTICE WALKER delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

¶ 1        *Held*: Where no evidence corroborates a defendant's claim that he needed to shoot the victim to defend himself, proof that the defendant shot the unarmed victim in the stomach sufficiently supports a conviction for attempted murder. In a bench trial, a prosecutor's remark does not require reversal unless the record shows that the remark led the court to misapply the law.

¶ 2        Following a bench trial, the trial court found Cornell Wyrick guilty of attempted murder. On appeal Wyrick claims that the evidence does not prove he intended to murder the victim, and the prosecutor's allusion to his post-arrest silence made the trial unfair.

We find the evidence sufficient to sustain the conviction, and Wyrick did not show that the prosecutor's comment had a prejudicial effect. Accordingly, we affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4        On April 17, 2016, Jajuan Nunn visited Nikya Ford at Nikya's home. As Nunn prepared to leave, Nikya's sister, Alyssa Ford, came home, accompanied by Wyrick, her boyfriend. Alyssa offered to drive Nunn home. Nikya, Nunn, and Wyrick piled into the back seat of Alyssa's car. Wyrick and Nunn, who just met, got into an argument. Nikya told Wyrick to get out of the car. Both Nunn and Wyrick got out of the car as Alyssa and her mother, Chaunte, approached. Nikya and Chaunte held Nunn while Alyssa took Wyrick away to prevent a fight. Wyrick pulled out a gun and fired four shots at Nunn, hitting Nunn in the stomach and the leg. Wyrick walked away. Police arrested Wyrick a few minutes after the shooting about a block away from Nikya's home. A grand jury indicted Wyrick for attempted murder.

¶ 5        At the bench trial, Nikya and Chaunte both testified that Nunn had no gun. Chaunte testified that Nunn did not threaten Wyrick, but Wyrick said he would smack Nunn. Nunn testified that as they sat in the car Wyrick called Nunn a "bitch" and showed Nunn Wyrick's gun. Nunn and Wyrick were preparing to fight outside the car when Nikya, Alyssa, and Chaunte intervened. Nunn, too, testified that he did not have a gun.

¶ 6        Wyrick testified that he did not show Nunn his gun. Wyrick tried to make a joke and Nunn "took it the wrong way." They exited the car, preparing to fight, when the women restrained them. Wyrick claimed that Nunn stepped out of Chaunte's grasp and reached

2

for a gun under his shirt. Wyrick fired the shots because he feared Nunn would shoot him. The transcript of cross-examination of Wyrick shows the following:

"STATE: So, what you're telling us today is what happened?

WYRICK: That's exactly what happened.

STATE: And when you had the opportunity to tell the detective what happened, you didn't tell the detectives that?

THE COURT: Hold on a second. What's the purpose of that question? To point out that he invoked his 5th Amendment right to remain silent?

State: No, Judge, I'll withdraw that question.

THE COURT: Good idea."

¶ 7        A Chicago police officer testified that after the arrest Wyrick told police he did not shoot Nunn, and he left the Fords when he heard shots.

¶ 8        In closing, the prosecutor argued,

"The defendant spoke with [the detective]. At that time if the defendant had truly acted in self-defense, he had an opportunity to tell the police what happened. He had the opportunity to tell the police the victim had a gun.

***

He didn't tell the police it was self-defense."

¶ 9    Defense counsel did not object to the remarks.

¶ 10        The trial court found Wyrick guilty of attempted first degree murder and sentenced him to 32 years in prison.

¶ 11                                          II. ANALYSIS

¶ 12          On appeal, Wyrick argues the evidence did not prove him guilty and prosecutorial misconduct in closing argument made the trial unfair.

¶ 13                                A. Sufficiency of the Evidence

¶ 14          Wyrick contends the State did not prove he intended to kill Nunn. First, he argues there was ample opportunity to make sure Nunn died, but instead he walked away leaving Nunn alive. Second, he contends no evidence refutes his testimony that he believed Nunn had a gun. Wyrick claims the court had to find that he believed, perhaps unreasonably, that he needed to shoot Nunn to defend himself. We must decide whether any rational trier of fact could find that the State proved beyond a reasonable doubt that Wyrick intended to murder Nunn. *People v. Harris*, 2018 IL 121932, ¶ 26.

¶ 15          "Because intent is a state of mind, it can rarely be proved by direct evidence. As a result, this court has recognized that where intent is not admitted by the defendant, it can be shown by surrounding circumstances." *People v. Williams*, 165 Ill. 2d 51, 64 (1995). "[S]ince every sane man is presumed to intend all the natural and probable consequences flowing from his own deliberate act, it follows that if one willfully does an act the direct and natural tendency of which is to destroy another's life, the natural and irresistible conclusion, in the absence of qualifying facts, is that the destruction of such other person's life was intended." *People v. Coolidge*, 26 Ill. 2d 533, 537 (1963).

¶ 16          Wyrick fired four shots at Nunn, hitting his stomach once and his leg once. Shots fired into a person's stomach frequently cause great bodily harm and show an intent to kill. *People v. Velasco*, 184 Ill. App. 3d 618, 634 (1989). A rational trier of fact could infer

from the circumstances that Wyrick intended to kill Nunn. See *People v. Ephraim*, 323 Ill. App. 3d 1097, 1110 (2001).

¶ 17    Wyrick argues the evidence shows he did not intend to kill because he did not seize his opportunity to make sure Nunn died.  He compares this case to *People v. Thomas*, 127 Ill. App. 2d 444 (1970).  In reversing Thomas's conviction for attempted murder, the appellate court in *Thomas* noted that Thomas inflicted several wounds, picking at the victim's face with a knife and stabbing the victim in the shoulder while threatening to kill her.  The court said that Thomas's acts "demonstrated a sadistic intention to inflict physical injury," but the court found that "the opportunity for murder was such that there was insufficient proof that defendant intended or attempted to commit that crime." *Thomas*, 127 Ill. App. 2d at 455-56.

¶ 18    No one intervened to stop Thomas from killing his victim after he stabbed her.  Here, Chaunte and Nyika immediately came to Nunn's aid after Wyrick shot him.  To complete the murder, Wyrick would have shot him again, prone, with Chaunte, Nakia, and Alyssa watching.  The initial wound, a gunshot to the stomach, unlike a stab wound to the shoulder, severely threatened Nunn's life.  Wyrick's failure to fire more shots after Nunn fell, under the circumstances of this case, does not overcome evidence that he intended to kill Nunn with the shots he fired. See *Velasco*, 184 Ill. App. 3d at 634.

¶ 19    Wyrick argued his testimony that he feared for his life creates reasonable doubt as to his intention to murder Nunn.  He claims the evidence proves he believed, perhaps unreasonably, that he needed to shoot Nunn to defend himself.

¶ 20    Only Wyrick's testimony supports the claim that he acted in self-defense. No other witness saw Nunn reach for any object, no other witness saw Nunn with a gun, and no evidence at the scene supports Wyrick's testimony that Nunn had a gun. No other witness saw Nunn free himself from Chaunte and Nyika. A rational trier of fact could reject Wyrick's testimony and find beyond a reasonable doubt that Wyrick did not act in the belief that he needed to shoot Nunn to protect himself. See *People v. Reddick*, 123 Ill. 2d 184, 201 (1988). The evidence supports the conviction for attempted murder.

¶ 21                              B. Prosecutorial Misconduct

¶ 22    Next, Wyrick contends that in closing argument the prosecutor twice alluded to Wyrick's post-arrest silence. Wyrick admits his attorney failed to object, and he asks this court to address the issue as plain error. See *People v. Graham*, 206 Ill. 2d 465, 476 (2003). This court may consider forfeited error when "(1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence." *People v. Herron*, 215 Ill. 2d 167, 187 (2005). Wyrick does not claim the comments undermined the integrity of the judicial process. The remarks do not justify review under the second prong of plain error analysis. See *Herron*, 215 Ill. 2d at 187.

¶ 23    For the first prong, the defendant must show the improper remarks substantially prejudiced him. *People v. Clark*, 335 Ill. App. 3d 758, 764 (2002). Wyrick cites a number of cases in which the appellate court held remarks in jury trials prejudicial. E.g., *People v. Simmons*, 293 Ill. App. 3d 806 (1998); *People v. Quinonez*, 2011 IL App (1st) 092333. Here, the court held a bench trial. "[A] trial judge is presumed to know the law, and on review, the appellate court presumes that the trial judge followed applicable law unless

the record indicates otherwise." *People v. Refer*, 2019 IL App (5th) 150439, ¶ 85. Especially because the trial court explicitly recognized that it could not rely on post-arrest silence as indicating guilt, we cannot find Wyrick suffered any prejudice from the prosecutor's remarks in closing argument.

¶ 24                                    III. CONCLUSION

¶ 25       The trier of fact could infer Wyrick intended to murder Nunn from the evidence that Wyrick shot Nunn in the stomach while Chaunte and Nakia held Nunn back from fighting Wyrick. Wyrick has not shown the prosecutor's allusion to Wyrick's post-arrest silence had prejudicial effect. Accordingly, we affirm the trial court's judgment.

¶ 26       Affirmed.