**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240125-U

Order filed August 20, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0125 Circuit No. 20-CF-1444 |
| MARTAVIOUS ROBINSON, | ) ) ) | Honorable Michael W. Reidy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Peterson and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The court did not err in sentencing defendant.

¶ 2     Defendant, Martavious Robinson, appeals his sentence for aggravated vehicular hijacking, arguing that the Du Page County circuit court applied the wrong sentencing range when sentencing defendant. We affirm.

¶ 3                                        I. BACKGROUND

¶ 4　　　　Relevant to this appeal, the State charged defendant in juvenile court with aggravated vehicular hijacking while armed with a firearm (720 ILCS 5/18-4(a)(4) (West 2018)). As a result of a successful motion for discretionary transfer, defendant was tried as an adult. Prior to trial, the parties discussed defendant's possible sentencing range. The court explained that, with the discretionary firearms enhancement, the sentencing range was 6 to 45 years' imprisonment. On June 27, 2023, the case proceeded to a jury trial, and defendant was ultimately found guilty.

¶ 5　　　　At a sentencing hearing on January 22, 2024, the State pointed out that the firearms enhancement was discretionary. The State recommended a sentence of 40 years' imprisonment. Defense counsel also discussed the discretionary nature of the firearm enhancement in its argument and recommended a minimum sentence of six years' imprisonment.

¶ 6　　　　In rendering its sentence, the court discussed, at length, the sentencing factors enumerated in sections 5-4-1 and 5-4.5-105 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4-1, 5-4.5-105 (West 2024)). During its discussion, the court found the circumstances of the offense, "[p]ulling a gun on a driver to steal their car *** within the confines of the person's garage," to be "incredibly terrifying." The court highlighted the victims' impact statements, stating that the safety and security of the home was shattered by defendant and his codefendants causing the victims lives to be "consumed with fear and anxiety now." The court was disturbed by defendant's apparent enjoyment of the event. It found that the evidence established that defendant and his codefendants were not simply joyriding in a car but engaged in a vehicular hijacking spree while equipped with a loaded firearm. Defendant was on juvenile probation for robbery at the time of the offense. The court also emphasized defendant's subsequent inappropriate conduct while in pretrial detention, including a number of fights, physical altercations, and inappropriate sexual conduct.

¶ 7    The court indicated that there was ample evidence in aggravation and little evidence in mitigation. It explained that the most important factor in fashioning an appropriate sentence was the seriousness of the offense, however, it recognized that as a juvenile offender, defendant was different from his adult codefendants and must be treated differently pursuant to "a directive from the U.S. Supreme Court as well as a statutory mandate from our legislature." The court felt that defendant, "through his crime spree [was] a menace to society and it [was] necessary to remove him from civilized society." Further, the court felt that "despite the defendant's youth, *** a strong message of deterrence must be sent." Accordingly, the court sentenced defendant to 30 years' imprisonment.

¶ 8    At the hearing on the motion to reconsider sentence, defense counsel argued that defendant's sentence was excessive where he received the maximum sentence on a Class X felony for his first adult conviction, bringing about the following exchange:

"THE COURT: I'm sorry, he—he got the maximum?

[DEFENSE COUNSEL]: Of what he could be sentenced to on a Class X, because—

THE COURT: I'm sorry. I understand—

[DEFENSE COUNSEL]: Because he doesn't have to have that add-on because he was a juvenile at the time of this, which is extreme due to his age and lack of criminal history."

The State also pointed out the discretionary nature of the firearm enhancement and the range of "6 to 30 with the additional of up to 45 if [the court] decided that the add-on was appropriate."

¶ 9    The court stated that it considered all the required factors when sentencing defendant, including those statutorily required for juvenile offenders. It reiterated that evidence presented at

3

the sentencing hearing indicated that defendant was involved in up to four vehicular hijackings over a two-week span. The court explained that it took the *Miller* factors into account and fashioned a sentence "within the statutory range of 21 to 45 years" and imposed a different, lesser sentence than his adult codefendants. The motion to reconsider was denied. Defendant appealed.

¶ 10                                      II. ANALYSIS

¶ 11        On appeal, defendant solely argues that the court sentenced him under the incorrect sentencing range. Defendant acknowledges he did not properly preserve this issue but requests we review it under the second prong of the plain error doctrine, which allows for the review of an unpreserved error when "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). The first step in the plain error analysis is determining whether a clear or obvious error occurred. *Id.*

¶ 12        Defendant was convicted of aggravated vehicular hijacking while armed with a firearm which "is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18-4(b) (West 2024). The sentencing range for a standard Class X felony is 6 to 30 years' imprisonment. 730 ILCS 5/5-4.5-25(a) (West 2024). Thus, defendant was exposed to a sentencing range of 21 to 45 years' imprisonment. However, because defendant was under the age of 18 at the time of the offense, the court could "in its discretion, decline to impose any otherwise applicable sentencing enhancement based upon firearm possession." *Id.* § 5-4.5-105(b).

¶ 13    The court sentenced defendant to 30 years' imprisonment. At the sentencing hearing, the court carefully went through the applicable factors and found a significant amount of evidence in aggravation, focusing heavily on the seriousness of the offense, the harm done to the victims, and defendant's subsequent bad acts. It recognized that defendant, a juvenile offender who was charged and tried as an adult, was different from an adult and fashioned a sentence that was different from his adult codefendants. The court expressly considered section 5-4.5-105 of the Code, which grants the court discretion to decline to apply the firearms enhancement. *Id.* The court is presumed to know the law and apply it properly. *People v. Felton*, 2019 IL App (3d) 150595, ¶ 48. There is no indication on the record that the court believed the firearm enhancement was mandatory. In fact, multiple times on the record the parties discussed the discretionary nature of the enhancement. The only time the sentencing range was stated as 21 to 45 years was during the motion to reconsider. The court's statement of this range indicated that it, in its discretion, had imposed the firearm enhancement such that the correct sentencing range was 21 to 45 years.

¶ 14    Even if the sentencing range were misstated, defendant would need to show that he would have received a lesser sentence but for the court's misunderstanding. See *People v. Yankaway*, 2025 IL 130207, ¶ 115 (no clear or obvious error where the defendant failed to demonstrate that his sentence would be lower but for the court's error); *People v. Eddington*, 77 Ill. 2d 41, 48 (1979) ("A misstatement of the understanding of the minimum sentence by the trial judge necessitates a new sentencing hearing only when it appears that the mistaken belief of the judge arguably influenced the sentencing decision."). The lack of mitigating evidence and the court's repeated comments about the terrifying nature of the crime, defendant's disturbing enjoyment of the events, the damage to the victims, and the need to protect the community

demonstrate that the sentence imposed was based on the seriousness of the offense, not any potential misapprehension of the sentencing range. Accordingly, defendant cannot show that a clear or obvious error occurred.

¶ 15                                   III. CONCLUSION

¶ 16          The judgment of the circuit court of Du Page County is affirmed.

¶ 17          Affirmed.